# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**Civil Court, Kansas City, KS**     2:25-cv-02199-TC-ADM

**ANGELIINA LYNN LAWSON**, Plaintiff,
vs.
**HON. ERIC W. GODDERZ (in his individual and official capacity), ANDERSON COUNTY DISTRICT COURT, STATE OF KANSAS**, Defendants.

Case No: _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C. §1983 AND THE AMERICANS WITH DISABILITIES ACT (ADA) TITLE II

### PRELIMINARY STATEMENT

1. This is a civil rights and disability rights action seeking dual-track relief:

    (1) declaratory and injunctive relief to stop ongoing constitutional violations; and

    (2) compensatory and punitive damages through a jury trial for past harms caused by the Defendants' misconduct. Plaintiff asserts violations of the First, Fifth, and Fourteenth Amendments, as well as Title II of the ADA.

2. The Defendants' conduct has included retaliation, denial of accommodations, misuse of judicial discretion, defamation, and unlawful diversion of support payments, all resulting in loss of parental rights, financial damage, and emotional injury.

3. Plaintiff is indigent and submits a Poverty Affidavit in support of fee waiver.

4. She further requests the Clerk of Court to issue all necessary summonses on her behalf and that the Court enter emergency injunctive relief to prevent irreparable harm.

### FACTUAL ALLEGATIONS

5. Anderson County District Court is the only court that has ever held jurisdiction over Plaintiff's divorce, custody, and support matters.
6. Neither the Plaintiff, her son, nor the opposing party reside in Anderson County. Plaintiff currently lives in Leavenworth County; the opposing party lives in Johnson County.
7. The court has refused to transfer venue to a proper jurisdiction under K.S.A. 60-609 and K.S.A. 23-3301.

8. Plaintiff has a documented disability and has submitted formal ADA accommodation requests, including for remote access, written communication, and technological assistance. These were ignored or denied.
9. The presiding judge, Hon. Eric W. Godderz, refused to recuse himself after Plaintiff raised claims of bias and retaliation related to her disability, federal grievance filings, and protected speech.
10. Under this judge's control, Plaintiff was punished for engaging in First Amendment activity (filing complaints and grievances), resulting in the loss of all custody rights, zero contact and limited to two hours of supervised visitation per week through The Layne Project to her son who has a documented disability and her son's ADA advocate.
11. Court used Plaintiff's disability against her while denying reasonable accommodations.
12. For over two years, Plaintiff has been unlawfully denied enforcement of alimony and child support orders without justification. Instead, the court has diverted these arrears to pay third-party expenses, including therapist and Guardian ad Litem fees—constituting an unauthorized seizure in violation of the **Takings Clause of the Fifth Amendment** to the United States Constitution.
13. The court's refusal to act on key motions and enforceable orders, and its continued retention of venue in an improper county, has caused extreme hardship, denied access to justice, and undermined the parent-child relationship.
14. Plaintiff is now forced to proceed pro se due to attorney misconduct and financial exhaustion.
15. Additionally, Plaintiff's alimony arrears, totaling over $32,000, were improperly diverted by court order. These funds were originally ordered for Plaintiff's direct support. However, the court re-routed the arrears to pay dramatically inflated Guardian ad Litem (GAL) invoices. Within a single billing cycle, the GAL's invoice more than tripled in unexplained fashion. This diversion of support funds—without notice, hearing, or oversight—has created financial chaos, obstructed custody enforcement, and resulted in a deprivation of Plaintiff's protected property interests under the Fifth and Fourteenth Amendments.

## CLAIMS FOR RELIEF

### COUNT I – 42 U.S.C. §1983 – Denial of Due Process (Fourteenth Amendment)

16. Defendants, acting under color of law, denied Plaintiff meaningful access to a fair tribunal by refusing to rule on or hear motions, blocking venue transfer, and enabling retaliatory judicial conduct.
17. These acts constitute a denial of due process and equal protection.

### COUNT II – Violation of Title II of the ADA

18. Plaintiff is a qualified individual with a disability.
19. Defendants failed to provide reasonable accommodations, failed to modify policies to ensure access, and used Plaintiff's disability against her in proceedings.
20. These failures resulted in exclusion from court services in violation of Title II of the ADA.

## COUNT III – First Amendment Retaliation

21. Plaintiff engaged in protected First Amendment activities by filing ethics grievances and ADA complaints.
22. Defendant Godderz retaliated by curtailing custody access and punishing Plaintiff for asserting her rights.

## COUNT VII – UNCONSTITUTIONAL TAKING AND DEPRIVATION OF PROPERTY (42 U.S.C. §1983; Fifth & Fourteenth Amendments)

23. Plaintiff alleges that Defendants, acting under color of state law, unlawfully diverted $32,000 in alimony arrears previously ordered for her direct support. This diversion was ordered without notice, hearing, or judicial oversight, and the funds were redirected to satisfy Guardian ad Litem fees that had mysteriously tripled without explanation.
24. This act constitutes an unlawful **taking of private property** for non-public use, in violation of the **Takings Clause of the Fifth Amendment** to the United States Constitution. Further, the court's failure to provide notice or opportunity to be heard constitutes a **denial of due process** under the **Fourteenth Amendment.**
25. Plaintiff seeks compensatory and punitive damages for the financial injury and emotional harm caused by the unconstitutional seizure and misuse of her legally awarded support funds.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

A. **Issue a Declaratory Judgment** that Anderson County's continued assertion of jurisdiction over Plaintiff's family law matters violates the U.S. Constitution and the Americans with Disabilities Act (ADA);

B. **Grant injunctive relief** transferring jurisdiction of all pending family-related proceedings to a proper and lawful venue—specifically, Johnson County or Leavenworth County, Kansas;

C. **Order the preservation and continuation of supervised visitation** through The Layne Project or an equivalent neutral provider until full judicial review is complete;

D. **Terminate the Guardian ad Litem (GAL) appointment and all associated court actors** who have engaged in or facilitated retaliatory conduct against Plaintiff;

**E. Declare that the court's redirection of alimony arrears—without notice or hearing—to cover inflated third-party invoices constitutes a violation** of both the **Fifth Amendment's Takings Clause** and the **Fourteenth Amendment's Due Process Clause;**

**F. Award compensatory damages in excess of $1,500,000,** including but not limited to financial loss, emotional distress, reputational harm, ADA retaliation, and the unconstitutional diversion of court-ordered support. Plaintiff further seeks punitive damages as appropriate against individual defendants, and all other relief deemed just by the Court.

**G. Enter a Temporary Restraining Order and Preliminary Injunction** to immediately prevent further retaliatory action, ADA discrimination, or obstruction of parent-child contact during the pendency of this matter;

**H. Grant Plaintiff's application to proceed in forma pauperis,** waiving all filing fees and associated costs pursuant to her sworn Poverty Affidavit;

**I. Direct the Clerk of Court to issue summonses** and any further documents necessary to effectuate service;

**J. Award Plaintiff her costs of litigation** and such further relief as the Court deems just and proper.

## SUPPLEMENTAL PRAYER FOR RELIEF

Plaintiff further requests that this Court declare the following actions unlawful and unconstitutional:

- The denial of ADA accommodations in state court proceedings;
- The improper and unlawful retention of venue in violation of statutory jurisdiction and fairness principles;
- The discriminatory use of Plaintiff's disability status to deny her meaningful access to custody proceedings and court relief.

Plaintiff also seeks damages for:

- Ongoing emotional distress caused by prolonged separation from her minor child;
- Financial and procedural burdens stemming from venue mismanagement, denied filings, and suppressed relief;
- Continued violation of her constitutional rights to due process, equal protection, and access to justice.

## EVIDENCE AND EXHIBITS

Plaintiff intends to submit the following exhibits in support of this Complaint:

- ADA accommodation requests submitted to the Kansas courts;
- Correspondence and affidavits denied or misfiled by court clerks;
- Affidavits regarding therapists, GAL records, and ethics complaint filings;
- Judicial orders improperly issued prior to service or in conflict with procedural norms;
- Documentation of supervised visit restrictions and custody obstruction.

## PRESERVATION OF EVIDENCE

Plaintiff requests that all Defendants be instructed to preserve all documents, emails, communications, and court records related to Plaintiff, her minor child, ADA filings, financials, custody proceedings, and all matters cited in this Complaint, pursuant to Federal Rule of Civil Procedure 37.

**Dated: April 14, 2025**
**Respectfully submitted,**

**Angeliina Lynn Lawson**
1914 5th Ave
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury. Pursuant to Local Rule 3.1 and 28 U.S.C. § 1391, Plaintiff designates the **United States District Court for the District of Kansas, Kansas City Division**, located in **Kansas City, Kansas**, as the proper venue for a jury trial in this matter.
All events giving rise to the claims occurred within the jurisdiction of this Division.

Date: _____

Signature of Clerk or Deputy Clerk: _____

Seal or Time-Stamp:

Dated: April 14, 2025

Respectfully submitted,

*[signature]*

Angeliina Lynn Lawson
1914 5th Ave
Leavenworth, KS 66048
Email: AngeliinaCourtRecords@gmail.com
Phone: (913) 972-1661