# Chief Judge Taylor J. Wine
Fourth Judicial District of Kansas
Coffey County Courthouse
110 S. 6th St. - Suite 102
Burlington, KS 66839

*ANDERSON COUNTY*
*COFFEY COUNTY*
*FRANKLIN COUNTY*
*OSAGE COUNTY*



*Office # (620) 364-8620*
*Fax # (620) 364-8535*

April 18, 2025

Ms. Angeliina Lawson
angeliinalawson@gmail.com

  RE: Requests for accommodations in
     Anderson Co. District Court Case No. 2020-DM-000131

Dear Ms. Lawson:

  The Anderson County District Court has received several requests for ADA accommodations in the above-captioned case either from you directly or from a third party purportedly on your behalf. The purpose of this letter is to inform you of the Court's response to your requests.

  The following requests were included in Jay Shore's letter dated January 22, 2025, to Kelly Johnson, 4th Judicial District Court Administrator and ADA Coordinator:

1. **Request:** "Ms. Lawson needs to be able to ask questions and receive courteous, civil and comprehensive answers to her questions. **(One Instance of Mr. Bolton coercing, intimidating, and threatening)** Ms. Lawson reports that Mr. Bolton (GAL) told her in a hearing that if she raised her hand once more to ask question, that Mr. Bolton would invoke the Child In Need status that would put David in Foster Care. This is flat out intimidation, coercion, threats, and interference with both David and Ms. Lawson receiving equal access as individuals with disabilities. Interestingly enough, Ms. Lawson is finding it near impossible to get transcripts of this from the Court."

  **Court's Response:** It is not clear what specific ADA accommodation you are requesting. You have an attorney in the above-referenced case available to provide legal advice. The Court would consider any additional information you provide explaining your specific request with an explanation of how the requested accommodation would remove a barrier caused by your disability.

2. **Request:** "Ms. Lawson needs to attend all court proceedings by Zoom for several reasons. First, for disability mitigation and to keep her more centered and in an environment that is less stressful, and second, so that she can be in a separate space from her abuser. Both of these reasons relate with disability mitigation. Video-based telecommunications products and systems are listed in 28 C.F.R. §35.104(1) as a reasonable accommodation."

   **Response:** Your case is currently set for a status conference by Zoom on May 8, 2025, at 9:00 a.m. Whether a hearing is held in-person or by Zoom is at the discretion of the presiding judge. You may inquire with your attorney or at the clerk's office about the status of future hearings or if you need the Zoom link for a hearing.

3. **Request:** "Taking breaks when requested, so that she can re-focus and center."

   **Response:** The manner in which hearings are conducted is entirely within the purview of the presiding judge. Your attorney may request breaks on your behalf during the hearing as appropriate, and the presiding judge will determine whether to grant them. Therefore, this request is denied.

4. **Request:** "Ms. Lawson needs to record the hearings, either by her own volition, or provided by the court, so that she can re-visit the events in a clear space without the stressors of court being present. Recording is listed in 28 C.F.R. §35.104(2) – 'audio recordings', and also in 28 C.F.R. §35.104(4) 'other similar services and actions.'"

   **Response:** The Court intends to have a court reporter present to transcribe the proceedings and will not make any audio or video recordings of hearings. Pursuant to Kansas Supreme Court Rule 1001, it would be up to the presiding judge to determine whether to permit you to make your own recordings. Therefore, your request is denied.

5. **Request:** "Having her ADA Advocate (undersigned) present and participatory on Zoom so that her legally authorized aid and encouragement with the exercise of her ADA rights is not interfered with. The undersigned has several physical disabilities that preclude travel to Kansas. To deny this would be to give both Ms. Lawson and I standing for denial of equal access and/or discrimination on the basis of disability."

   **Response:** No one other than an attorney licensed in Kansas may speak on your behalf at, or represent you in, Court proceedings. Your attorney, who will be present for the remote hearing, is equipped to advocate on your behalf. Therefore, this request is denied.

   Regarding Mr. Shore's request to be "present and participatory on Zoom," for

hearings held in person at the courthouse, any member of the public may attend in person unless the presiding judge specifically orders that a particular hearing be closed to the public. No Zoom link will be provided to Mr. Shore for in-person hearings. For hearings held remotely, members of the public are not provided a Zoom link to participate, and therefore Mr. Shore's request to appear by Zoom for hearings held remotely is denied.

6. **Request:** "CART - Computer Aided Realtime Transcription is listed in 28 C.F.R. §35.104(1) as a reasonable accommodation. This is requested for both Ms. Lawson and I, because I too have communication disabilities, and CART is a mitigator for this disability set."

    **Response:** Your request for Computer Aided Realtime Transcription ("CART") services during the status conference scheduled on May 8, 2025, at 9:00 a.m., is granted. Please contact Mr. Johnson at least two weeks prior to the hearing date to make the necessary arrangements. If you intend to seek a continuance of the hearing date, please notify Mr. Johnson at least one week prior to the hearing date so he can reschedule the CART services.

    Mr. Shore's request for CART services is denied.

7. **Request:** "A copy of any official court audio and video recordings that occur, in an accessible format of mp3, .mp4, .wav, and/or .wmv."

    **Response:** A court reporter was present during previous hearings to transcribe the proceedings, and therefore, the Court did not create any audio or video recordings thereof. Your case is scheduled for a status conference on May 8, 2025, at 9:00 a.m. which will be conducted remotely via a Zoom link. The Court intends to have a court reporter present to transcribe the proceedings and will not make any audio or video recordings of hearings, and therefore your request is denied.

8. **Request:** "That she be given extra time to respond to any and all processes of court. Ms. Lawson's disability imposes an additional burden in working through traumatic memory and physiological symptoms that must be aided by flexibility in the court's handling of filing deadlines."

    **Response:** You are represented by competent counsel who is capable of making timely responses required in your case. A blanket disregard of filing deadlines would constitute a fundamental alteration, and, for these reasons, your request is denied.

9. **Request:** "The travel requirements for court, do not take into consideration that Ms. Lawson's disability is exacerbated by extended travel times for these matters, and so she is already disadvantaged when reaching therapists that are over an hour away, and when the court proceedings are moved to another location much further away. For this reason, the Court is requested to consider

this and accommodate her with a reasonably close venue for any therapy or other requirements that are in play in this matter."

**Response:** Your counsel filed a Motion to Change Venue on October 7, 2024, and the Court denied the motion on October 29, 2024. Your request to change the venue of the case after the Court's ruling is not an accommodation but is instead an attempt to circumvent the decision. Therefore your request is denied.

10. **Request:** "That David receive CASA services, as recommended by Amanda Miranda, LBSW, on July 24, when she said **'I believe David needs a voice.'** This goes directly to accommodating David's communication disability, and is readily achievable by the Court. **(A second instance of Mr. Bolton coercing, intimidating and threatening)** David, in an October 11, 2024 email to his grandmother, referring to Mr. Bolton as his attorney, laid out that Mr. Bolton was saying that David communicating with Ms. Lawson was 'making it worse' and threatening and intimidating that Ms. Lawson was going to get in trouble just because David sincerely wants communication with his mother."

**Response:** This is not a request I can address because only the presiding judge has the authority to appoint CASA services pursuant to K.S.A. 38-2206. You are represented by counsel who may file a motion seeking the appointment of CASA services as appropriate. Therefore, your request is denied.

11. **Request:** "Please provide the name, email address, and fax number for the designated responsible employee under 28 C.F.R. §35.107(a). Both Ms. Lawson and I need this for disability equal access."

**Response:** Mr. Johnson's name and contact information has been included in his prior communications with you and is included again below.

The following requests were mentioned in the Affidavit you submitted in support of your February 26th grievance:

1. **Request:** "Additional time to process legal arguments and respond accordingly."

    **Response:** This is similar to Mr. Shore's request #7 above, and the Court's response is the same.

2. **Request:** "An ADA advocate to be present."

    **Response:** This is similar to Mr. Shore's request #4 above, and the Court's response is the same.

3. **Request:** "Clear access to court transcripts without surcharges."

    **Response:** You made a similar request for transcripts in your email to Mr. Johnson of November 26, 2024. He responded the same day and stated that it

was not clear how receiving transcripts after a hearing has concluded would accommodate any needs your disability causes you during court hearings. As you are probably aware, 28 C.F.R. §35.160(a)(1) requires the Court to take appropriate steps to ensure that communications with individuals with disabilities are as effective as communications with others. Mr. Johnson invited you to clarify your request and explain how the requested accommodation would remove a barrier caused by your disability, but no reply was received. As Mr. Johnson previously informed you, you and your attorney are free to contact the clerk's office about ordering and purchasing transcripts of any of your court hearings. In fact, your counsel filed a Request for Transcripts of all hearings in the case on December 31, 2024. Until you are able to provide the Court with the additional information requested above, your request is denied.

4. **Request:** "Equal treatment of my disability without punitive measures."

   **Response:** Title II of the ADA requires in 42 U.S.C.A. §12132 that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." The Anderson County District Court has complied with, and will continue to comply with, this requirement.

Sincerely,

The Hon. Taylor J. Wine
Chief Judge, 4th Judicial District of Kansas
Coffey County Courthouse
110 S. 6th St., Suite 102
Burlington, KS 839-1798

cc: Ronald P. Wood, The Law Offices of Ronald P. Wood, LLC, 11225 College Blvd., Suite 110, Overland Park, KS 66210, ronwood@ronaldwoodlaw.com
Kelly Johnson, Court Administrator and ADA Coordinator, Fourth Judicial District, Franklin County Court Building, 301 S. Main, Ottawa, KS 66067