# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff,

Case No. 2:25-cv-02199-TC-ADM

v.

HON. ERIC GODDERZ, in his individual and official capacities,
**CHIEF JUDGE TAYLOR J. WINE (in his individual and official capacity),**
**HON. JOHN BRYANT (in his individual and official capacity),**
STATE OF KANSAS,
Defendants.

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND THE AMERICANS WITH DISABILITIES ACT (ADA) TITLE II

This Amended Complaint supersedes Plaintiff's original filing and incorporates by restatement all relevant factual allegations and claims previously submitted, while clarifying the relief sought and adding subsequent events and procedural developments that strengthen Plaintiff's claims for injunctive and declaratory relief.

## PRELIMINARY STATEMENT

1. This is a civil rights and disability rights action seeking dual-track relief:

    (1) declaratory and injunctive relief to stop ongoing constitutional violations; and

    (2) compensatory and punitive damages through a jury trial for past harms caused by the Defendants' misconduct. Plaintiff asserts violations of the First, Fifth, and Fourteenth Amendments, as well as Title II of the ADA.

2. The Defendants' conduct has included retaliation, denial of accommodations, misuse of judicial discretion, defamation, and unlawful diversion of support payments, all resulting in loss of parental rights, financial damage, and emotional injury.

3. Plaintiff is indigent and submits a Poverty Affidavit in support of fee waiver.

4. She further requests the Clerk of Court to issue all necessary summonses on her behalf and that the Court enter emergency injunctive relief to prevent irreparable harm.

*Expanding:*
5. The amended complaint is not merely a civil complaint about one bad ruling. It is a constitutional challenge against a systemic infrastructure of deceit.

6. Plaintiff Angeliina Lynn Lawson brings this federal action against Defendant Judge Eric Godderz, Chief Judge Taylor Wine, and Judge John Bryant, and the State of Kansas for a coordinated campaign of judicial manipulation, ADA exclusion, and fraudulent procedural sabotage designed to strip her of parental rights and access to justice under color of law.

7. What began as an enforcement of support arrears has metastasized into a full-blown constitutional crisis. The Defendants have exploited judicial discretion, clerk tampering and fraud, and ADA denial to intentionally disempower Plaintiff and sever her parental rights—while maintaining the illusion of legality.

8. This action challenges a sustained pattern of retaliation, exclusion, and procedural sabotage orchestrated under color of law. Defendants have employed a judicial infrastructure that conceals, delays, and obstructs Plaintiff's access to justice through what Plaintiff identifies as **Dolus Malus: intentional constructed through false filings, abusive discretion, and deliberate record manipulation, deception and abuse of legal form to injure a protected party.**

9. This case now anchors in the doctrine of "Dolus Malus"—fraudulent intent through procedural deception—which has infected every level of Plaintiff's access to justice.

10. The amended complaint contains recent events, clarifications of factual allegations, evidence of procedural tampering, ADA exclusion, administrative deceit and constitutional claims arising from recent denials in state court and active investigations by the Department of Justice's Office for Civil Rights.

11. This complaint centers on the concept of Dolus Malus: intentional procedural deceit by state actors to fabricate a false appearance of due process while actively obstructing justice. Plaintiff has faced:
    - 
        *Falsified docket entries to simulate hearings that never occurred;*
    - *Affidavits improperly labeled "confidential" to suppress evidence;*
    - *Repeated denial of ADA accommodations in violation of federal law;*
    - *Procedural sabotage including delayed poverty affidavits, stayed subpoenas, and ignored motions;*
    - *The imposition of an unlawful psychological evaluation with no cause or court order;*
    - *Diversion of owed alimony to fund fraudulent and inflated guardian ad litem invoices with no oversight or accountability;*

- *A persistent refusal to adjudicate on the merits or provide access to any meaningful remedy.*

*12. The architecture of harm was built deliberately, with the intent to defraud Plaintiff of her constitutional rights, not merely to resolve enforcement of child support and maintenance in a divorce decree.*

*13. These acts, taken together, do not constitute mere misjudgment—they form a **deliberate infrastructure of harm**, built and maintained with the intent to deprive Plaintiff of her constitutional rights, dismantle her parenthood, and prevent redress.*

## II. JURISDICTION AND VENUE

14. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 because this action arises under the Constitution and laws of the United States, including the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12134, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983.

15. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Kansas, including within Fourth Judicial District Court, and Anderson and Leavenworth Counties.

## III. PARTIES

16. Plaintiff ANGELIINA LYNN LAWSON is a resident of Leavenworth County, Kansas and the biological natural mother of a minor child, D.L. with a qualified disability. She is also a qualified individual herself with disabilities under the ADA and proceeds as minor child's ADA advocate and pro se in this matter.

17. Defendant HON. ERIC GODDERZ is a judge in the Fourth Judicial District of Kansas and is sued in both his individual and official capacities for actions taken under color of state law.

Added:
*18. Defendant HON. TAYLOR WINE is the chief judge in the Fourth Judicial District of Kansas and is sued in both his individual and official capacities for actions taken under color of state law.*

*19. Defendant HON. JOHN BRYANT is a judge in the First Judicial District of Kansas and is sued in both his individual and official capacities for actions taken under color of state law.*

*20. Defendant STATE OF KANSAS is responsible for the acts and omissions of its judiciary, court administrators, and ADA coordinators, operations of its courts and*

*judicial ADA compliance infrastructure, and has failed to ensure access to judicial services for individuals with disabilities.*

> Plaintiff alleges that officers of the court, including clerks, administrators, ADA coordinators, attorneys, guardian ad litems, and other unnamed actors, jointly contributed to the pattern of exclusion and retaliation described herein.[1]

## V. STATEMENT OF FACTS

21. Anderson County District Court is the only court that has ever held jurisdiction over Plaintiff's divorce, custody, and support matters.

22. Yet, neither the Plaintiff, her son, nor the father have ever resided in Anderson County. Plaintiff lives in Leavenworth County; the father lives in Johnson County.

23. The court has refused to hold a hearing on the motion to transfer venue to a proper jurisdiction under K.S.A. 60-609 and K.S.A. 23-3301 or ever allow a motion to come forward again.

24. Plaintiff has a documented and qualified disability and has submitted formal ADA accommodation requests, including for remote access, written communication, and technological assistance. These were ignored or denied.

25. The presiding judge Eric W. Godderz, refused to recuse himself after Plaintiff raised claims of bias and retaliation related to her disability, federal grievance filings, protected speech, judicial compliant filed, or Writ of Mandamus.

26. Under this judge's control, Plaintiff was punished for engaging in First Amendment activity (filing complaints and grievances), resulting in the loss of all custody rights, zero contact and limited to two hours of supervised visitation per week through The Layne Project. Her son has a documented qualified disability and she has been his ADA advocate.

27. Court used Plaintiff's disability against her while denying reasonable accommodations.

28. For over two years, Plaintiff has been unlawfully denied enforcement of alimony and child support orders without justification. Instead, the court has diverted these arrears to pay third-party expenses, including therapist and Guardian ad Litem fees—constituting an unauthorized seizure in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

29. The court's refusal to act on key motions and enforceable orders, and its continued retention of venue in an improper county, has caused extreme hardship, denied access to justice, and undermined the parent-child relationship.

30. Plaintiff is now forced to proceed pro se due to attorney misconduct and financial exhaustion.

*Added facts:*

*31. Plaintiff has repeatedly submitted formal requests for **ADA accommodations**, including communication support, procedural guidance, remote access, and disability-based participation assistance. All such requests were denied by Chief Judge Taylor J. Wine.*

*32. Plaintiff's **poverty affidavit was mishandled, delayed, or never processed**, thereby obstructing her access to court tools such as subpoenas, trial preparation materials, and service of process. Judge John Bryant also refused to recuse himself in cases were Plaintiff raised claims of bias and retaliation.*

*33. After filing **ethics complaints, ADA accommodation requests, Writ of Mandamus, Open Records, ADA grievances, Color of Law complaint, and notifying the U.S. Department of Justice Office for Civil Rights**, Plaintiff experienced escalated retaliation in the form of trial cancellations, stayed subpoenas, and selective enforcement of court procedure.*

*34. Pleadings history has been altered, fabricated and documents missing only to reappear months later*

*35. Plaintiff has no access to her own case to review documents as pro se.*

*36. Access to court transcripts is obstructed by a prohibitive $900 fee, required motion to be filed in a hostile courtroom only to forced delays of two to three-months—despite the hearings lasting only approximately seven to twelve minutes and resulting in decisions that have severed Plaintiff's parental rights for over eight months. This delay and cost create a direct barrier for a disabled litigant to review what was said in court, violating the right to meaningful participation and informed appeal under the ADA and Due Process Clause.*

*37. Now no lawful court order exists requiring Plaintiff to undergo a psychological evaluation now, yet the journal entries have been structured to demand one was issued—denying Plaintiff substantive rights without any adjudicated finding, cause, evidence or hearing. Only brought upon Plaintiff to stop her subpoenas from going out and the trial from proceeding.*

*38. The conduct described constitutes a **pattern of systemic legal deceit**—a calculated use of administrative and judicial tools to create the appearance of legitimate legal process while unlawfully suppressing Plaintiff's constitutional rights.*

*39. This pattern rises to the level of **dolus malus**: deliberate misuse of judicial and administrative power through coordinated deceit, procedural manipulation, and*

*retaliation, all under color of law. Such acts are not shielded by judicial discretion or immunity and represent a direct attack on due process, equal protection, and federal disability rights.*

## VI. LEGAL CLAIMS

### 40. Count I – Deprivation of Due Process Rights

*42 U.S.C. § 1983 – Fourteenth Amendment*

Defendants, acting under color of state law, systematically deprived Plaintiff of her liberty and property interests without due process. This included denial of hearings, falsified docket entries, suppression of court filings, prolonged deprivation of custody, and procedural traps designed to delay or prevent judicial review. These actions were not neutral mistakes but intentional manipulations of process intended to obstruct Plaintiff's access to justice—consistent with the doctrine of **Dolus Malus**.

### 41. Count II – Violation of Title II of the Americans with Disabilities Act

*Discriminatory Denial of Access to Judicial Proceedings*

Plaintiff was repeatedly denied reasonable accommodations under Title II of the ADA, including communication access, remote participation, and procedural guidance—despite documented disabilities. These denials excluded Plaintiff from meaningful participation in judicial proceedings, leading to adverse custody, financial, and legal consequences. The exclusion was both systemic and retaliatory, executed in bad faith by state actors with knowledge of her disability status.

### 42. Count III – Retaliation in Violation of the ADA

*42 U.S.C. § 12203*

After Plaintiff exercised her federally protected rights—submitting ADA requests and reporting noncompliance—Defendants retaliated through coercive procedural rulings, canceled hearings, unlawful psychological evaluation demands, and denial of litigation tools such as subpoenas and discovery. This conduct created a chilling effect on Plaintiff's right to advocate for herself and directly injured her access to courts.

### 43. Count IV – Retaliation for Protected First Amendment Activity

*42 U.S.C. § 1983 – First Amendment*

Plaintiff engaged in core First Amendment activities by filing ethics complaints, judicial grievances, and ADA-based administrative claims. In response, Defendant Godderz and other judicial actors retaliated by curtailing her parental access, refusing to hear motions, cancelling trials without consent, and exerting judicial discretion as a tool of punishment for protected expression. Such retaliation for speaking out against state misconduct is presumptively unconstitutional.

### 44. Count V – Unconstitutional Taking and Deprivation of Property

*42 U.S.C. § 1983 – Fifth and Fourteenth Amendments*

Defendants, under color of law, unlawfully diverted over **$32,000 in alimony arrears** previously ordered for Plaintiff's direct benefit. Without notice, hearing, or court transparency, these funds were rerouted to satisfy **suspiciously inflated Guardian ad Litem invoices**. This constitutes a **non-public use taking** in violation of the Fifth Amendment and a deprivation of due process under the Fourteenth Amendment. Plaintiff seeks both compensatory and punitive damages for this unlawful seizure of support funds and resulting harm.

### 45. Count VI – Fraud Upon the Court and Constructive Fraud

*Federal Rule of Civil Procedure 60(d)(3), Common Law Fraud, and the Doctrine of Dolus Malus*

Defendants engaged in a pattern of judicial deceit that rises to **fraud upon the court**, including:

- Falsification of hearing dates and docket entries,
- Clerical suppression of affidavits (marked "confidential" without basis),
- Denial of motion hearings under false pretenses,
- Procedural fabrications to imply orders (e.g., psychological evaluation) that never lawfully existed.

These acts corrupted the judicial process itself and formed a **deliberate architecture of deceit**, not mere judicial error. Under the doctrine of **Dolus Malus**, the use of legal form

to commit substantive injustice invalidates the legitimacy of any outcome and mandates full constitutional remedy.

### 46. Count VII – Unconstitutional Taking of Property

**Violation of the Fifth and Fourteenth Amendments of the U.S. Constitution**
*(Asserted under 42 U.S.C. § 1983)*

Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein. For over two years, Plaintiff has been denied enforcement of court-ordered alimony and child support expense payments, totaling over $32,000 in arrears. Rather than enforcing those support obligations, Defendants (including state judges and court-appointed actors) have actively **diverted** those arrears to cover GAL and therapist fees without due process, consent, or legal justification.

Such diversion constitutes an unauthorized governmental taking of Plaintiff's property and financial entitlements — a de facto **seizure of personal assets** for public or third-party use without just compensation or legal cause. This action violates the **Takings Clause of the Fifth Amendment**, made applicable to the states through the **Fourteenth Amendment**.

Plaintiff has suffered direct financial harm, loss of access to her child, and emotional distress as a result of this unconstitutional practice.

## VI. PRAYER FOR RELIEF

**A. Declare** that the acts and omissions of Defendants — including but not limited to the denial of disability accommodations, obstruction of judicial access, falsification or concealment of court records, and retaliatory use of judicial process — **violated Plaintiff's rights** under:

- the **First, Fifth, and Fourteenth Amendments** of the U.S. Constitution,
- **Title II of the Americans with Disabilities Act (42 U.S.C. § 12132),**
- **Section 504 of the Rehabilitation Act (29 U.S.C. § 794),** and
- **42 U.S.C. § 1983.**

**B. Issue a permanent injunction** enjoining Defendants and their agents from engaging in any future conduct that constitutes:

- retaliation for ADA-protected activity,
- interference with judicial access,
- misuse of discretion to silence or punish protected expression, or

- administrative manipulation of the judicial record.

**C. Order systemic remedial relief**, including but not limited to:

- mandatory ADA training for judges, clerks, GALs, and court administrators within the Fourth Judicial District,
- public adoption of enforceable ADA compliance protocols,
- formal oversight mechanisms to prevent future procedural exclusion of disabled or pro se litigants.

**D. Award compensatory, nominal, and punitive damages** in an amount to be determined at trial, not less than **$3.5 million**, including but not limited to:

- Compensation for over $32,000 in diverted support arrears,
- emotional distress,
- unlawful deprivation of parental rights,
- procedural sabotage,
- denial of equal protection, and
- other constitutional and statutory violations.

**E. Preserve the evidentiary and injunctive record** necessary for both temporary and permanent relief, including:

- protection from further retaliation,
- enforcement of supervised visitation continuity, and
- restoration of Plaintiff's due process access across relevant court systems.

**F. Refer this matter to the United States Department of Justice** for external oversight, investigation, **federal receivership** and monitoring of ADA Title II compliance and constitutional fidelity within the Kansas state judiciary, referral to U.S. DOJ Access Office, and affiliated agencies.

**G. Award Plaintiff all allowable costs and fees**, including:

- costs incurred as a self-represented litigant,
- litigation support expenses, and
- reasonable attorneys' fees under **42 U.S.C. § 1988** if counsel is later retained.

**H.** Grant such other and further relief as this Court deems just, proper, and necessary in the interests of equity and constitutional justice.


Accordingly, Plaintiff respectfully requests that this Court accept her First Amended Complaint as filed and permit the case to proceed on the basis of the amended claims, which more fully set forth the scope and legal grounds for relief.

Respectfully submitted,

Dated: April 19, 2025

*[signature]*

Angeliina Lynn Lawson
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com

---

[1] *Auxiliary actors whose conduct is referenced but who are not yet formally named as defendants include: Tina Miller (Anderson County Clerk), ADA Coordinator(s) for the Fourth Judicial District, Clerk personnel who processed and altered affidavit designations, and administrative agents responsible for subpoena suppression, document tampering, and ADA non-enforcement. Plaintiff reserves the right to amend this complaint to name additional individuals following discovery.*

Filed in accordance with Fed. R. Civ. P. 15(a)(1)(B) and Local Rule 15.1(b), with full restatement of factual and legal basis for Plaintiff's claims.

### CERTIFICATE OF SERVICE

Filed and served via fax, mail or email on all named Defendants and the U.S. Attorney's Office.

Dated: April 19, 2025

*[signature]*

Angeliina Lynn Lawson
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com