IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff,

Case No. 2:25-cv-02199-TC-ADM

v.

HON. ERIC GODDERZ, (in his individual and official capacities),
CHIEF JUDGE TAYLOR J. WINE (in his individual and official capacity),
HON. JOHN BRYANT (in his individual and official capacity),

STATE OF KANSAS,
Defendants.

JURY TRIAL DEMANDED

## MEMORANDUM OF LEGAL THEORY

## FEDERAL CONSTITUTIONAL PRINCIPLES OF DOLOUS MALUS

### I. INTRODUCTION

This memorandum establishes the legal theory of **dolus malus** as the jurisprudential anchor for Plaintiff Angeliina Lynn Lawson's federal civil rights case.

The doctrine supports both constitutional and statutory claims by showing that the misconduct by state judicial officers was not merely mistaken, but *intentionally deceptive and retaliatory*, violating fundamental legal principles dating back to Roman law and embedded in the United States Constitution.

This case presents a unique instance of procedural entrapment, court fabrication, and retaliatory acts under color of law by judicial and administrative officials.

Plaintiff submits that this case is not about adverse decisions alone, but about the **weaponization of procedure** through **intentional deceit**. The doctrine of *dolus malus* encapsulates this misconduct and is well-rooted in common law concepts of constructive fraud and due process.

### II. ORIGINS AND DOCTRINAL SIGNIFICANCE OF DOLUS MALUS

**Dolus malus** (Latin: "evil deceit") is the foundational legal concept describing **intentional fraud or deception with the aim of causing harm**. In Roman law, it voided any legal transaction made under pretenses of fairness that in truth concealed malice or injustice.

In modern American jurisprudence, this concept survives through:

- **Fraud upon the court**
- **Constructive fraud**
- **Color of law retaliation**
- **Due process violations with bad faith intent**
- **Administrative collusion and procedural sabotage**

It is directly linked to violations of:

- **42 U.S.C. § 1983** (deprivation of rights under color of law)
- **18 U.S.C. § 242** (criminal deprivation of rights)
- **14th Amendment Due Process and Equal Protection**
- **Title II of the Americans with Disabilities Act**
- **Rule 60(d)(3), Federal Rules of Civil Procedure – Fraud on the Court**

## III. APPLICATION TO LAWSON v. GODDERZ, et al

The doctrine of **dolus malus** is fully evidenced in the actions by the named Defendants:

### A. Fabrication of Judicial Proceedings (All Defendants)

- Docket entries falsely reported hearings that never occurred.
- Judge Godderz stated on record that he would "never" hold a hearing on change of venue, yet Judge Wine's ADA denial and pleadings docket reflects otherwise.
- Clerical misconduct resulted in affidavits being altered as "confidential" or going missing for eight months.
- Not ruling on poverty affidavits but filing denial orders and setting hearings before summons issuing a quagmire of procedural traps only to see no court authority ever began.
- Orders missing for psychological evaluation as if never existed

### B. Deliberate Retaliation Against Protected Activity (Judges Godderz and Bryant)

- Plaintiff filed ADA requests and ethics complaints. In response:
    - A psychological evaluation was ordered without cause.
    - Trials were canceled trying to issue subpoenas.
    - Subpoenas were stayed without legal basis.
    - Refusing to enforce legal agreements and court orders.
    - Court fees were enforced *after* improper dismissals of injunctive cases that lacked jurisdiction.

### C. Systemic ADA Denial by Policy-Level Action (Judge Wine)

- All 11 accommodation requests were categorically denied.
- Plaintiff was denied court participation on the basis of disability.
- These actions were not adjudicatory, but **administrative exclusion with malicious intent after Writ of Mandamus were filed.**

This case centers on a systemic deployment of judicial deception and administrative sabotage designed to appear procedurally lawful while denying Plaintiff access to due process, court services, and her parental rights. This doctrine of intentional deceit is known in Roman law as Dolus Malus—a legal framework where public actors deliberately manipulate process to deny a party their rights while feigning legitimacy. These are not procedural accidents but intentional strategies to shield misconduct and silence access to remedy.

See Exhibit Index for supporting records of altered dockets, clerk email, or ADA denial correspondence

## IV. HISTORIC GAP IN FEDERAL CASE LAW

The United States Supreme Court has never ruled on:

- Whether *systemic deception in family and civil courts* constitutes actionable fraud upon the court.
- Whether **ADA retaliation and parental disenfranchisement** through *judicial discretion* violate federal law under a unified theory.

This case presents the first opportunity for a federal court to articulate that **fraudulent and retaliatory misuse of judicial procedure** is not immunized by robe or office.

The pattern of concealment, record tampering, denial of service, and false pretense of a judicial order constitutes 'fraud on the court' under Rule 60(d)(3). The courts have recognized that fraud by officers of the court that subverts the integrity of the judicial process is not protected by immunity and warrants federal correction.

## V. LEGAL FRAMEWORK FOR RELIEF

This Court should hold that:

"A state actor, including a judicial officer or clerk, who engages in a pattern of procedural deceit, retaliatory exclusion, and record falsification under color of law, violates fundamental rights protected by the Fourteenth Amendment, Title II of the ADA, and 42 U.S.C. § 1983. Such conduct constitutes modern-day *dolus malus* — a fraud upon the court and the Constitution alike."

Relief should include:

- Declaratory judgment identifying the pattern of fraud and exclusion
- Injunctive relief halting further retaliatory action or use of fraudulent records
- Monetary damages where qualified immunity does not apply
- Damages for constitutional and statutorily violations
- Prospective court orders to end systemic exlusion
- That the Court take judicial notice of the necessity to address these systemic issues through equitable and constitutional interpretation.
- That the doctrine of *dolus malus* be considered in reviewing the systemic and multi-actor pattern of exclusion and retaliation described in Plaintiff's complaint;
- That the Court grant leave to introduce the attached memorandum of legal theory as part of the record;

This case meets the threshold for federal review and represents a matter of exceptional public interest and ongoing harm.

Federal courts have recognized the importance of exposing and correcting fraud upon the court (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)) and retaliatory exclusion from due process (*Gibson v. Berryhill*, 411 U.S. 564 (1973)). Plaintiff argues that these principles are advanced by applying the historic lens of *dolus malus*, which predates and reinforces the core of the Fourteenth Amendment.

## VI. CONCLUSION

This is not a family dispute. This is not a question of state discretion. This is a case of **state-sanctioned deceit weaponized against a disabled parent to silence her, punish her, and strip her of her child and constitutional rights under the illusion of legal process.**

The doctrine of *dolus malus* gives this Court a moral and legal framework to name what has occurred — and to stop it from becoming precedent by omission.

Respectfully submitted,

*[signature]*

Dated: April 20, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I certify that on April 20, 2025, I will fax, mail, or email a true and correct copy of this Motion for Leave to File First Amended Complaint, with all attached exhibits, to all parties:

Angeliina Lynn Lawson
Pro Se Plaintiff