IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

Exhibit A

ANGELIINA LYNN LAWSON,

        Plaintiff,

vs.                                                   Case No. LV-2025-CV-000070

JONATHAN DAVID LAWSON,

        Defendant.

MOTION TO QUASH SUBPOENAS

COMES NOW the Anderson County District Court Clerk, the ADA Coordinator for the 4th Judicial District, and the ADA Coordinator for the Kansas Supreme Court by and through their attorney, John T. Houston, Assistant General Counsel for the Office of Judicial Administration, and for their Motion to Quash Subpoenas, allege and state:

*Statement of Facts*

1. A petition for divorce was filed in the Anderson County District Court by Jonathan Lawson against Angeliina Lawson on September 2, 2020, in Case No. 2020-DM-000131. Although a decree for divorce was filed on November 9, 2020, the Anderson County District Court has had to deal with issues between the two parties involving child custody, visitation, and support. One or more of those issues is still active today as the Court has a status conference scheduled for May 8, 2025.

2. On March 7, 2025, Ms. Lawson initiated the present case by filing a document entitled "VOID JUDGMENT AND RESTORE FULL CUSTODY DEMAND FOR JURY TRIAL UNDER COMMON LAW AND ADR – COMMON LAW JURISDICTION." Ms. Lawson, while acknowledging the Anderson County District Court case, seeks to have this Court declare

the Anderson County District Court case judgment void, change child custody, and award her damages.

3. On March 27, 2025, Ms. Lawson filed an EX PARTE EMERGENCY MOTION TO ENFORCE SUPERVISED VISITATION AND SUPPORT ADA RETALIATION CLAIM.

4. The same day, this Court issued an Order regarding the *ex parte* emergency motion and stated that "[t]his is the latest attempt by Plaintiff to have this court intervene in her child custody dispute. ***The authority cited by Plaintiff is not applicable, nor does it give this court any authority to intervene in matters that are under the jurisdiction of another court.***" (emphasis added)

5. On the following day, Ms. Lawson filed a motion seeking reconsideration of the prior order.

6. In response, this Court stated in its Order that the "***filing of this case does not give this court authority to enforce visitation that was established in the Anderson County District Court case***." (emphasis added)

7. Immediately following this order, Ms. Lawson began her discovery efforts. Included in her discovery requests was a subpoena addressed to the "Fourth District Court County Clerk" which was mailed to the Anderson County District Court Court clerk's address; another subpoena sent to the ADA Coordinator for the 4th Judicial District; and yet another subpoena sent to the ADA Coordinator for the Kansas Supreme Court.

8. All three subpoenas make the same request for documents. These "Subpoena for Production of Documents Only (K.S.A. 60-245)" request:

> All records, reports, notes, billing statements, metadata, audio/video recordings, communications, emails, meeting logs, and electronically stored information related to the parties in the above-captioned case, including custody, therapy, affidavits, pleadings history, ADA accommodations, service provision, or investigations."

9. On April 10, 2025, this Court stayed all discovery on non-party subpoenas. This stay was lifted following Defendant filing an Answer on April 17th.

10. Defendant's Answer also alleges that this Court lacks jurisdiction to proceed with this matter and has filed a Motion to Dismiss for lack of jurisdiction and res judicata.

*Legal Authority*

The district court has broad discretion in supervising the scope and course of discovery. *Miller v. Johnson*, 295 Kan. 636, 687-88 (2012); *Berst v. Chapman*, 232 Kan. 180, 183 (1982). This includes the ability to quash or modify subpoenas. *See* K.S.A. 60-245(c)(3).

Ms. Lawson has caused numerous discovery subpoenas to be issued from the clerk of the district court at a very early stage in this proceeding. (Fact #7). This is highly problematic because the Court, itself, has noted on at least two occasions that <u>it does not have jurisdiction</u>. (Facts #4 & #6). "If the court lacks jurisdiction over the proceeding and issues a subpoena that does not aid in determining jurisdiction, the subpoena is void and unenforceable." *Vera v. Republic of Cuba*, 867 F.3d 310, 316 (2nd Cir. 2017); *U.S. Catholic Conference v Abortion Rights Mobilization, Inc.*, 487 US 72 (1988). The jurisdictional issue is still in question because it was raised by Defendant in his Answer and Motion to Dismiss. (Facts #9 & #10).

The Court is permitted to quash a subpoena that "subjects a person to undue burden." K.S.A. 60-245(c)(3)(iv). These subpoenas are extraordinarily broad and will require three different offices within the judicial branch to spend a considerable amount of time attempting to locate any physical or electronic record that could pertain to either Ms. Lawson or Mr. Lawson. If the different offices comply with the subpoenas, anything that is found will then need to be reviewed to see if it is subject to a privilege and a privilege log will have to be created. And then

the records will need to be delivered to the Leavenworth County District Court Clerk. This is an incredible waste of resources and is not a good use of taxpayer money because none of these subpoenas is enforceable if this Court lacks jurisdiction. Therefore, this Court should quash the three subpoenas at issue in this motion or at least stay any response to these subpoenas until the Court determines that it has jurisdiction over this matter.

WHEREFORE, the undersigned respectfully requests an Order of this Court quashing or staying any required response to the "Subpoena for Production of Documents Only (K.S.A. 60-245)" issued to the Anderson County District Court Clerk (Fourth District Court County Clerk), ADA Coordinator for the 4th Judicial District, and the ADA Coordinator for the Kansas Supreme Court.

                                              Respectfully submitted,

                                              /s/ John T. Houston
John T. Houston #16552
Assistant General Counsel
Office of Judicial Administration
301 SW 10th Ave
Topeka, Kansas 66612
(785) 230-3771 cell
john.houston@kscourts.gov
*Attorneys for Anderson County District Court Clerk, 4th JD ADA Coordinator, ADA Coordinator for Kansas Supreme Court*

<u>Certificate of Service</u>

On the 21st day of April 2025, I caused a true and correct copy of the above and foregoing Motion to Quash Subpoenas to be filed with the Clerk of the District Court and served upon the following parties by first class mail, postage prepaid and addressed to:

Angeliina Lawson
1914 5th Ave.
Leavenworth, KS 66048
*Plaintiff*

Joseph A. DeWoskin
Attorney at Law
827 Armstrong Ave, Ste 203
Kansas City, KS 66101
*Attorney for Defendant*

                                                  /s/ John T. Houston
                                                  John T. Houston #16552