

Exhibit C

| | |
|---|---|
| **Court:** | Leavenworth County District Court |
| **Case Number:** | LV-2025-CV-000070 |
| **Case Title:** | Angeliina Lynn Lawson vs. Jonathan David Lawson |
| **Type:** | ORD: Order Originated by Judge COURT'S SECOND ORDER STAYING DISCOVERY ON NON-PARTY SUBPOENAS |

SO ORDERED,

/s/ Honorable John Bryant, District Court Judge

Electronically signed on 2025-04-21 12:31:32        page 1 of 3

IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

Angeliina Lynn Lawson, )
Plaintiff, )
)
vs. ) Case No(s). LV-2025-CV-000070
)
Jonathan David Lawson, )
Defendant. )

**COURT'S SECOND ORDER STAYING DISCOVERY ON NON-PARTY SUBPOENAS**

NOW ON THIS 21st day of April 2025, this court HEREBY STAYS all further discovery responses of non-parties and discovery requests to non-parties in this case until further notice and Order of the court. The district court has wide discretion to control trials and discovery. See *Zimmerman v. Board of Wabaunsee County Comm'rs*, 289 Kan. 926, 961, 218 P.3d 400 (2009). Thus, "orders concerning discovery will not be disturbed on appeal in the absence of a clear abuse of discretion." *Hill v. Farm Bur. Mut. Ins. Co.*, 263 Kan. 703, Syl. ¶ 1, 952 P.2d 1286 (1998); see *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010).

The court previously stayed discovery on non-party subpoenas on April 10, 2025. The court lifted that Order on April 17, 2025. Since that time, the court has received an additional objection to the non-party subpoenas. On today's date, the Anderson County District Court Clerk, the ADA Coordinator for the 4th Judicial District, and the ADA Coordinator for the Kansas Supreme Court have filed a Motion to Quash Subpoenas.

Plaintiff previously argued in her Motion to Dissolve Discovery Stay and Restore Access to Evidence, that the court's Order violated due process, obstructed her claim of ADA retaliation, and had no legal basis. Plaintiff also argues that a stay on the subpoenas to non-parties blocks her access to records which may result in the loss of records or damage to her claims during the jury trial. The court disagrees. If the matter were to proceed to a jury trial, it would be several months before the trial were set which would still give Plaintiff ample time to review any records and prepare for trial. Further, the court does not believe there's any additional risk that the records would be lost given the short nature of the stay and the fact that all non-parties who have received a subpoena are now on notice of the request. If Plaintiff is worried about the destruction of items she's requested by subpoena, that also does not seem likely given the fact

1

that the Anderson County District Court case that has given rise to this case has been ongoing for a number of years.  Any motivation to destroy any evidence certainly would not be fresh at this time.

The case law recognizes that non-party subpoenas may place a burden on the non-party.  Further, Defendant's Motion to Dismiss for lack of jurisdiction calls into question whether this court's subpoenas would be lawfully issued.  Because of those reasons, the court believes that an additional brief stay on non-party subpoenas is warranted.

Plaintiff's Motion to Enforce Compliance with Subpoenas and Compel Non-Party Responses filed on April 18, 2025, is therefore moot.  However, to the extent that she requests the court's aid in ensuring compliance, the request is not necessary.  Nor is any additional court action.  Should this stay be lifted, whatever deadlines Plaintiff set forth in her subpoenas would still be in effect.  The deadlines would merely be tolled during the time of the stays.  There is no need to re-subpoena any non-party as suggested by Plaintiff in the Motion to Enforce.   In addition, Plaintiff would still retain her right to seek an Order to Compel from any non-party that did not respond to the subpoena.  In short, there would be no need for additional court action to ensure compliance.

The court has suggested that this case be set for a Case Management Conference on April 30, 2025, at 9:00 AM so that these issues may be discussed.

**No additional subpoenas shall be issued without court approval.  No non-party needs to respond to any current request for production of documents until such time as the court lifts this stay.**


IT IS SO ORDERED.