Exhibit E



| | |
|---|---|
| **Court:** | Leavenworth County District Court |
| **Case Number:** | LV-2025-CV-000070 |
| **Case Title:** | Angeliina Lynn Lawson vs. Jonathan David Lawson |
| **Type:** | ORD: Order Originated by Judge JOURNAL ENTRY REGARDING STATUS OF THE CASE |

SO ORDERED,

/s/ Honorable John Bryant, District Court Judge

Electronically signed on 2025-04-21 12:31:32     page 1 of 4

IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

| | | |
|---|---|---|
| Angeliina Lynn Lawson, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | Case No(s). LV-2025-CV-000070 | |
| ) | | |
| Jonathan David Lawson, ) | | |
| Defendant. ) | | |

## JOURNAL ENTRY REGARDING STATUS OF THE CASE

NOW ON THIS 21st day of April 2025, the court issues this Journal Entry Regarding the Status of the Case due to a number of pending issues.

### Stay on Non-Party Subpoenas

On April 10, 2025, this court issued a Court Order Staying Discovery on Non-Party Subpoenas. The court incorporates that document herein by reference. On April 17, 2025, after the time for Defendant to Answer had run, the court lifted that stay. On April 18, 2025, Plaintiff filed a Motion to Enforce Compliance with Subpoenas and Compel Non-Party Responses. In that Motion Plaintiff requests that the court take action to set a deadline for non-party responses and to notify them that the stay has been lifted.

Since that time an additional objection to subpoenas has been received. On today's date, the Anderson County District Court Clerk, the ADA Coordinator for the 4th Judicial District, and the ADA Coordinator for the Kansas Supreme Court have filed a Motion to Quash Subpoenas.

The court will issue a separate order regarding non-party subpoenas given the current posture of this case.

### Motion to Compel Deposition of Defendant

On April 18, 2025, Plaintiff filed a Motion to Compel Deposition of Defendant. Kansas Supreme Court Rule 133 allows the opposing party seven days to respond. The court will issue a separate order regarding this Motion.

1

## Mandamus

On April 18, 2025, the court received an email notification that Plaintiff had filed a Petition for Mandamus with the Kansas Supreme Court. The court subsequently received notice by certified mail from Plaintiff. Plaintiff's Action for Writ of Mandamus by Right of Common Law pursuant to K.S.A. 60-801 et. seq. was filed April 16, 2025.

The issues raised that pertain to this case is contained in Plaintiff's Statement of Facts (1)(a) "Case No. LV-2025-CV-000070 – asserting ADA retaliation and due process violations, in which the presiding judge issued a blanket stay on discovery without legal justification; denied ADA accommodations

(2) Across all three cases, Judge Bryant has failed to perform clear, ministerial duties: [,,,] allowing issuance of subpoenas (K.S.A. 60-245), […]." (the other two issues clearly pertain to Case Nos. LV-2025-CV-000092 and LV-2025-CV-000095).

Plaintiff alleges that these failures by the court have caused a number of issues including staying litigation and denying due process.

K.S.A. 60-802 sets forth the procedure for relief in a mandamus action. In particular, it states that "[i]f it be desired in connection with any mandamus proceeding to stay proceedings or acts pending determination of the mandamus proceeding, the plaintiff may combine therewith an application for relief under article 9 of this chapter." It does not appear from the record that Plaintiff is seeking to stay any portion of the proceedings in this case.

As further evidence, Plaintiff has continued to file documents in which she requests that the court take action since the filing of the mandamus action. Therefore, it is the opinion of this court that the mandamus action does not stay these proceedings.

## Answer of Defendant

On April 17, 2025, Defendant filed Defendant's Answer to Plaintiff's Void Judgment and Restore Full Custody Demand for Jury Trial Under Common Law Not ADR – Common Law Jurisdiction. On April 18, 2025, Plaintiff filed Plaintiff's Notice of Preservation of Procedural Default and Timing Irregularities. In that document, Plaintiff states that she is not seeking a default judgment but wishes to preserve the right to raise Defendant's untimely Answer in the

future.  Plaintiff then states that she wishes to continue with discovery and proceed to a jury trial.  On April 18, 2025, Defendant filed a Motion for Leave to File Answer Out of Time in which he explained the reasons for failing to file the Answer on April 16, 2025.  In response, on April 18, 2025, Plaintiff filed Plaintiff's Objection to Defendant's Motion for Leave to File Answer Out of Time.  It is unclear to the court what Plaintiff's posture on the Answer is.  The parties either need to take up the issue of default judgment or the issue is waived.  The court is unaware of a scenario that would allow a party to not seek default at the appropriate time, wait to see how the case proceeds, and then raise the default at a later date.  This issue should be set for hearing.

## Motion to Dismiss

On April 18, 2025, Defendant filed Respondent's Motion to Dismiss for Lack of Jurisdiction and Res Judicata.  Plaintiff's Notice of Preservation of Procedural Default and Timing Irregularities mentioned above also addressed this motion.  Plaintiff argues in that filing that Defendant's Motion is procedurally improper because it was filed after the Answer and without leave of the court.  Plaintiff does not respond to any of the points raised in Defendant's Motion to Dismiss.

The court notes here that while Plaintiff is correct regarding the timing of the Motion, the court must also take into consideration K.S.A. 60-212(h)(3) which states "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  This issue should also be set for hearing.

## Conclusion

The court will issue further orders regarding discovery in this case.  The court believes that a Case Management Conference should be set by ZOOM in accordance with prior request by Plaintiff in order to further outline the proceedings going forward, and set argument, if desired by the parties, on the current issues outstanding.  The court will tentatively schedule this matter for Case Management Conference on April 30, 2025, at 9:00 AM.  A ZOOM link will be generated by the court and sent to both parties at the email address on file with the clerk's office.

IT IS SO ORDERED.