## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELIINA LYNN LAWSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:25-cv-02199-TC-ADM |
| HON. ERIC W GODDERZ, et al | ) |
| (Individual and official capacity) | ) |
| Defendants. | ) April 25, 2025 |

## SUPPLEMENTAL IN SUPPORT OF TRO AND UPDATED ALLEGATIONS OF RETALIATORY OBSTRUCTION

Plaintiff, Angeliina Lynn Lawson, appearing pro se, submits this updated filing in support of the Emergency Temporary Restraining Order (TRO) previously filed with the Court. New information and correspondence, recently obtained through her former attorney, reveal further retaliatory conduct by Judge Eric W. Godderz and the Anderson County court, substantiating her claim that urgent federal relief is required to prevent ongoing and irreparable harm.

## I. NEW RETALIATION AND PROCEDURAL FRAUD SINCE FILING FEDERAL CASE

1. On or about April 24, 2025, Plaintiff was informed via private email from former counsel Ronald Wood that Judge Godderz **denied the motion to withdraw** and issued an internal directive to delay adjudication until a future hearing. This communication was not made publicly available through the court docket and would have been unknown to Plaintiff had the attorney not shared it privately.
2. The docket records from April 23 through April 25 show that this denial and judicial directive were **never formally entered or published**, violating Plaintiff's right to notice and access as a now-pro se party. This constitutes **fraud on the court** and an obstruction of procedural rights protected by the Fourteenth Amendment and ADA Title II.
3. This decision has effectively **locked Plaintiff out of her case**, barring her from filing motions, accessing court services, or appearing independently—all while Judge Godderz refuses to rule on pending motions to recuse, for venue transfer, and ADA accommodation.
4. This act of concealment occurred **after Plaintiff filed the federal lawsuit**, clearly reinforcing a pattern of retaliatory behavior and confirming the need for **federal judicial intervention.**

## II. ESTABLISHED RECORD OF FRAUD AND SYSTEMIC ABUSE

The April 2025 pleading history in Anderson County confirms:

- Multiple motions and filings are missing or miscategorized;
- The GAL continues to submit legal notices, journal entries, objections and filings despite proper standing (unauthorized practice of law);
- ADA accommodation requests have never been docketed or acknowledged in court orders;
- Venue objections and affidavits have been labeled "confidential" without my instruction to block access during grievance investigations or affidavits were missing from the docket;
- A psychological evaluation was allegedly ordered and implied without a formal order being entered into the docket;
- Plaintiff's access to subpoenas, hearing recordings, and transcripts remains blocked.

These procedural gaps are not clerical errors; they reflect **Dolus Malus**—intentional concealment and systemic deceit masquerading as judicial process, weaponized against Plaintiff's constitutional and parental rights.

### III. JURISDICTIONAL INVALIDITY AND INSTITUTIONAL COORDINATION

Judge Godderz's jurisdiction over this matter has always been improper:

- The parties resided in **Johnson County** at the time of divorce;
- All attorneys and GAL agreed the case should be transferred;
- Judge Godderz refused to hold a hearing, stating on record he would "never allow any of his cases to leave Anderson County."

This behavior reveals an abuse of venue for strategic concealment of misconduct, contradicting judicial ethics and territorial jurisdiction norms.

Furthermore, filings and notes from the GAL and court staff indicate coordination to suppress Plaintiff's pro se access and bypass formal docket requirements, contributing to a shadow proceeding immune from public scrutiny.

### IV. CONCLUSION

This post-federal-filing retaliation is not hypothetical; it is active and confirmed. The judicial acts described violate:

- The Fourteenth Amendment (due process);
- The Americans with Disabilities Act (access obstruction);
- 42 U.S.C. § 1983 (civil rights deprivation under color of law);
- Federal Rule of Civil Procedure 60(d)(3) (fraud on the court);
- Doctrine of Dolus Malus (constructive deceit through procedural manipulation).

Plaintiff renews her request that this Court:

- Issue an immediate TRO to stay all proceedings in 2020-DM-131;
- Direct defendants to preserve all communications and judicial notes regarding withdrawal motions and ADA filings;
- Compel production of all non-docketed communications sent to attorneys but not shared with Plaintiff;
- Recognize the pattern of Dolus Malus as systemic and not speculative.

Respectfully submitted,                                          Dated: April 25, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
AngeliinaCourtRecords@gmail.com

## CERTIFICATION UNDER RULE 65(b)(1)(B):

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), Plaintiff hereby certifies that notice of this motion for ex parte emergency relief has not been provided to Defendants due to (1) the urgent nature of the constitutional harm, (2) the demonstrated pattern of retaliatory conduct and obstruction once litigation activity is discovered, and (3) the risk of further suppression or spoliation of evidence if prior notice were given. Plaintiff will serve a copy of this motion upon the Defendants promptly if directed by the Court or upon issuance of any relief requiring compliance.

Angeliina Lynn Lawson
Pro Se Plaintiff
AngeliinaCourtRecords@gmail.com