# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,                                                    Case No. 2:25-cv-02199-TC-TJJ

v.                                                            Hon. Toby Crouse, District Judge

Hon. ERIC W. GODDERZ,                                         Magistrate Judge Teresa J. James

Hon. TAYLOR J. WINE,

Hon. JOHN BRYANT (in their official and individual capacities),

and STATE of KANSAS,

Defendants.


SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR
EMERGENCY RELIEF
(28 U.S.C. § 2241; Fourteenth Amendment; ADA Title II)

## I. INTRODUCTION

Comes now Plaintiff, Angeliina Lynn Lawson, pursuant to 28 U.S.C. § 2241, the Fourteenth Amendment, the Americans with Disabilities Act (ADA), and applicable Federal Rules, and respectfully petitions this Court for an Emergency Writ of Habeas Corpus to protect her fundamental liberty interests under the United States Constitution.

Plaintiff respectfully requests that this Court immediately issue a writ of habeas corpus to return the minor child, D.L., to Plaintiff's lawful custody, as no valid jurisdiction or court authority existed at the time of the wrongful removal. Specifically, the so-called "Temporary Change of Custody" order issued on September 21, 2024, in Case No. 2020-DM-131, Anderson County, Kansas, is **VOID ab initio** due to fatal jurisdictional defects, due process violations, fraud upon the court, and constitutional deprivation of parental rights.

Since the issuance of that void order, Plaintiff has been subjected to escalating retaliation, unlawful procedural barriers, ADA Title II violations, and systemic suppression of her constitutional claims, all stemming directly from her efforts to challenge the illegal custody change. The campaign of Dolus Malus — intentional procedural deceit — now fully evidences Plaintiff's exhaustion of available state remedies and underscores the urgent necessity of federal protection. This case presents a textbook instance of **Tyrannis Legalis** and **Fraus Legis** — where the law itself has been weaponized not to protect rights, but to shield state actors from

accountability, criminalize lawful parental conduct, and perpetuate systemic coercion under the false color of judicial authority.

Under long-established precedent, including *Santosky v. Kramer*, 455 U.S. 745 (1982), a parent's fundamental right to the care, custody, and control of her child is entitled to strict constitutional scrutiny. The ongoing interference with Plaintiff's parental rights violates her Fourteenth Amendment rights, constitutes unlawful restraint under 28 U.S.C. § 2241, and demands immediate federal intervention.

## II. IMMEDIATE CUSTODIAL LIBERTY INTEREST AT STAKE

Plaintiff respectfully petitions this Court to intervene under 28 U.S.C. § 2241 because immediate, unlawful restraint of her custodial rights is ongoing:

1. The September 21, 2024, "Temporary Change of Custody" order in Case No. 2020-DM-131 is **VOID ab initio**, issued without subject matter jurisdiction, without meaningful notice, without a hearing, and in direct violation of Plaintiff's fundamental due process rights. The order is further infected with fraud upon the court, docket manipulation, ADA exclusion, and intentional suppression of Plaintiff's access to her own case filings.
2. Custody and enforcement matters must be **transferred out of Anderson County** and into **Johnson County, Kansas**, where Plaintiff and her minor child have their true residential and procedural nexus. Anderson County has demonstrated systemic bias, Dolus Malus (intentional deceit), and constructive judicial tyranny, rendering any further proceedings there inherently unjust.
3. Immediate restoration of full, permanent custody of Plaintiff's minor child, D.L., is necessary to prevent further irreparable harm. Plaintiff has historically maintained custody, has not been lawfully adjudicated unfit, and continues to suffer daily constitutional injury due to fraudulent and unlawful state actions. Restoration is necessary to preserve Plaintiff's Fourteenth Amendment liberty interest in the care, custody, and control of her child.

## III. ESCALATION PROVING EXHAUSTION

Following Plaintiff's lawful attempts to challenge the illegal custody order, state actors escalated retaliatory and obstructive conduct, confirming exhaustion and futility of state remedies:

- Two separate "Stays on Subpoenas" (April 10 and April 21, 2025, LV-2025-CV-70) unlawfully obstructed Plaintiff's right to obtain discovery, prepare her defense, and present critical evidence. These actions violated Plaintiff's First and Fourteenth Amendment rights by depriving her of a fair opportunity to develop findings of fact necessary to challenge and void the underlying September 21, 2024 judgment before a jury.
- **Denial of Right to Self-Representation:** In violation of *Faretta v. California*, 422 U.S. 806 (1975), Plaintiff was unlawfully denied the right to represent herself, further isolating her from meaningful access to the courts.

- **ADA Exclusion:** Plaintiff's repeated requests for reasonable accommodations were systematically denied, in violation of 42 U.S.C. § 12132 and the holdings of *Tennessee v. Lane*, 541 U.S. 509 (2004).
- **Docket Tampering and Filing Suppression:** Key filings were improperly labeled, hidden, or excluded from the docket, further obstructing Plaintiff's access to justice and remedy.

These escalating acts of procedural sabotage, retaliation, and Dolus Malus demonstrate that any further pursuit of state remedies would be futile and serve only to continue irreparable constitutional harm.

## IV. LEGAL GROUNDS

Plaintiff's petition is firmly grounded in the following constitutional and statutory protections:

- **28 U.S.C. § 2241:** Federal habeas corpus jurisdiction authorizing relief where unlawful restraints are imposed upon liberty interests.
- **Fourteenth Amendment:** Violations of Plaintiff's substantive and procedural due process rights in the care, custody, and control of her child.
- **First Amendment:** Retaliation against Plaintiff's protected right to petition courts for redress without coercion, obstruction, or penalty.
- **ADA Title II (42 U.S.C. § 12132):** Disability-based exclusion from court participation and retaliation for exercising protected rights.
- **Federal Rule of Civil Procedure 60(d)(3):** Relief from fraud upon the court, including docket manipulation, concealment of judicial acts, and constructive deceit undermining court integrity.

Under *Hensley v. Municipal Court*, 411 U.S. 345 (1973), constructive custody — where a person's liberty is significantly restrained by legal coercion — qualifies for federal habeas review. Here, Plaintiff faces court-imposed restrictions tantamount to detention of her fundamental parental rights, ADA rights, and litigation rights. This active and ongoing deprivation demands immediate federal intervention.

## V. URGENCY AND IRREPARABLE HARM

Each day that Plaintiff is deprived of access to her minor child, D.L., since September 19, 2024 hearing, constitutes a fresh constitutional injury that cannot be remedied later through monetary damages. The Supreme Court has long recognized that family relationships occupy a privileged place in constitutional jurisprudence, and wrongful disruption of the parent-child bond constitutes a "grievous loss" warranting the highest protection. (*Stanley v. Illinois*, 405 U.S. 645 (1972)).

Immediate emergency relief is necessary because:

- The state courts have blocked Plaintiff's self-representation, discovery rights, and ADA protections necessary for meaningful litigation;

- No adequate or functioning state remedy remains, as retaliation has escalated following Plaintiff's federal filings;
- Continued interference irreparably injures Plaintiff's Fourteenth Amendment rights to custody, companionship, and familial association;
- Restoration of custody pending lawful process is the least restrictive, constitutionally sound remedy to prevent further irreversible harm.

## VI. RESERVATION OF RIGHT TO ADD ADDITIONAL DEFENDANTS

Pursuant to Fed. R. Civ. P. 15, Plaintiff expressly reserves the right to amend her Petition to add additional defendants revealed through discovery or investigation. This reservation includes, but is not limited to: court clerk personnel involved in docket tampering; ADA coordinators who refused required accommodations in violation of federal law; the Guardian ad Litem and other court-appointed actors engaged in unauthorized practice or collusion; and any individuals or entities that directly profited from, enabled, or engaged in the denial of Plaintiff's constitutional and statutory rights.

All such future amendments would relate back to the original claims and factual allegations in this Petition, which already assert colorable violations of 42 U.S.C. § 1983, § 1981, Title II of the Americans with Disabilities Act, and federal constitutional protections under the First and Fourteenth Amendments.

Plaintiff files this reservation out of an abundance of caution to preserve her full rights to seek complete redress against all actors implicated in the systemic deprivation of liberty at issue.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Grant immediate emergency habeas corpus relief under 28 U.S.C. § 2241.
2. Declare that the "temporary change of custody" order issued on September 21, 2024, in Case No. 2020-DM-131 is VOID ab initio due to jurisdictional defects, due process violations, and fraud upon the court, and immediately restore custody and return minor child D.L. to Plaintiff, on the grounds that removal was unlawful and violated fundamental constitutional rights.
3. **Order the full and permanent restoration of custody of minor child D.L.** to Plaintiff, with any future proceedings to be conducted only with full due process, impartial venue, ADA-compliant access, and free from bias, fraud, or Dolus Malus-based practices.
4. **Order the transfer of all current and future custody and enforcement matters** related to Case No. 2020-DM-131 out of Anderson County and into **Johnson County, Kansas**, where proper venue, residence-based jurisdiction, and historical family ties exist.
5. **Award any further relief deemed just, equitable, and necessary**, including ongoing federal oversight, injunctive remedies, or structural safeguards to ensure protection of Plaintiff's constitutional and statutory rights.

## VIII. Supporting Exhibits:

Plaintiff respectfully refers the Court to Exhibits A–H and attachments to Docket # 8, previously filed in support of her Ex Parte Emergency TRO Motion incorporated herein by reference. These Exhibits and attachments document the underlying jurisdictional defects, ADA exclusion, retaliatory obstruction, and fraud upon the court warranting emergency habeas corpus relief.

Respectfully submitted,                    Dated: April 28, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
angeliinacourtrecords@gmail.com
(913) 972-1661


## CERTIFICATE OF SERVICE

This document is filed ex parte, pursuant to Fed. R. Civ. P. 65(b)(1), and no service has yet been made upon Defendants pending the Court's preliminary review of emergency relief.

Respectfully submitted,                    Dated: April 28, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
angeliinacourtrecords@gmail.com
(913) 972-1661