UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,                                             Case No: 2:25-cv-02199-TC-TJJ

vs.

ERIC W. GODDERZ, et al.,

Defendants.

JURY TRIAL DEMANDED

## MOTION TO EXPEDITE SCREENING AND TEMPORARY RESTRAINING ORDER DETERMINATION

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully moves this Court to expedite screening of her complaint under 28 U.S.C. § 1915(e)(2)(B) and to immediately review and rule upon the pending Emergency Motion for Temporary Restraining Order (TRO). The continued delay in this matter is causing ongoing irreparable harm, including a court-ordered psychological evaluation scheduled for May 8, 2025, without legal basis, consent, or ADA accommodation.

### I. BACKGROUND

Plaintiff filed her initial complaint on April 14, 2025, along with an IFP application and supporting TRO declaration. Since then, Plaintiff has submitted an Amended Complaint, legal theory briefs, verified declarations, and a supplemental habeas petition. As of the date of this filing, the Magistrate Judge has not issued a ruling on Plaintiff's IFP status or screened the complaint, and the TRO remains undecided.

Plaintiff's filings document: (1) the systemic denial of ADA accommodations, (2) improper suppression of court access through poverty affidavit denials, (3) retaliatory judicial conduct and docket manipulation, and (4) exhaustion of all state remedies. Chief Judge Taylor J. Wine's formal denial of all ADA accommodations (April 18, 2025), and the May 8, 2025 hearing set to enforce a non-consensual psychological evaluation, present immediate and concrete threats to Plaintiff's constitutional rights.

## II. LEGAL GROUNDS FOR EXPEDITED RELIEF

Under Rule 65(b) and federal equitable principles, TROs must be resolved with urgency where irreparable harm is imminent. The delay in screening has become, in effect, a denial of Plaintiff's TRO rights. Furthermore, federal courts have the authority to expedite review where constitutional violations and ADA exclusion are actively occurring and time-sensitive.

Plaintiff further notes that no stay or hold has been formally issued, and the record shows good-faith and complete procedural compliance on Plaintiff's part. The Court's own docket reflects substantial filings, all awaiting review. This silence creates a due process concern when emergency relief is sought in good faith.

## III. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:
1. Expedite screening of the Amended Complaint and IFP motion under 28 U.S.C. § 1915(e)(2)(B);
2. Immediately review and rule upon the Emergency Motion for Temporary Restraining Order (Doc. 6-1);
3. Issue any other relief deemed appropriate to protect Plaintiff's rights and ensure timely adjudication.

Absent immediate review, Plaintiff remains at risk of further constitutional injury in the May 8 proceeding and continued ADA retaliation.

Respectfully submitted,                                     Dated: May 11, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
1914 5th Ave
Leavenworth, KS 66048
AngeliinaLawson@gmail.com
(913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2025, I filed the foregoing via the Court's CM/ECF system, which will cause all counsel of record to be served.

_____
Angeliina Lynn Lawson, Pro Se Plaintiff
1914 5th Ave, Leavenworth, KS 66048
angeliinacourtrecords@gmail.com | (913) 972-1661
Dated: May 11, 2025