## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANGELIINA LYNN LAWSON,**

    **Plaintiff,**

**v.**

**HON. ERIC GODDERZ, et al.,**

    **Defendant.**

**Case No. 25-CV-02199-JWB-TJJ**

### ORDER GRANTING *IN FORMA PAUPERIS* STATUS
### BUT WITHHOLDING SERVICE OF SUMMONS AND COMPLAINT

Plaintiff, proceeding *pro se*, has filed a Motion to Proceed Without Prepayment of Fees (ECF No. 4) under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). The *in forma pauperis* statute provides that the Court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2]

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

Based on the information provided in his Affidavit in Support of the Application, the Court finds Plaintiff is not financially able to pay the filing fee to institute a civil action. The Court will therefore grant Plaintiff's request to proceed without prepayment of fees.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[3] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[4] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[5] In this case, a pre-service review is appropriate as it appears this Court lacks jurisdiction, several Defendants are entitled to immunity, and Plaintiff fails to state a claim on which relief may be granted and therefore should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Further, the Court addresses Plaintiff's Motion to Expedite Screening and Temporary Restraining Order Determination (Doc. 17) to the extent it pertains to the undersigned Magistrate Judge's review pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court is in the process of reviewing Plaintiff's Amended Complaint, and will continue to do so with urgency. However, such review cannot occur in an expedited fashion, as Plaintiff requests, if Plaintiff continues to bombard the

---

[3] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[4] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Court with the filing of cases and miscellaneous documents and motions.[6]  Accordingly, the Court grants Plaintiff's request to expedite the review of Plaintiff's Amended Complaint but instructs Plaintiff not to file any additional pleadings in this case until the Court enters its Report and Recommendation on the Amended Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 4) is GRANTED, but service of summons and the Complaint upon Defendant shall be withheld pending further order of the Court.

**IT IS FURTHER ORDERED THAT** Plaintiff shall not file any additional pleadings in this case until after the Court enters its Report and Recommendation on Plaintiff's Amended Complaint.

**IT IS SO ORDERED.**

Dated May 13, 2025, at Kansas City, Kansas.

					Teresa J. James
					U.S. Magistrate Judge

---

[6] Plaintiff has filed four cases in the District of Kansas, three within the last thirty (30) days, all of which are assigned to the undersigned Magistrate Judge.  *See Lawson v. Kansas Dep't of Children and Families*, 25-cv-2171-JWB-TJJ (D. Kan. Apr. 2, 2025); *Lawson v. Godderz, et al.*, 25-cv-2199-JWB-TJJ (D. Kan. Apr. 14, 2025); *Lawson v. Lawson*, 25-cv-4045-DDC-TJJ (D. Kan. May 2, 2025). *Lawson v. Bolton, et al.*, 25-cv-2251-JWB-TJJ (D. Kan. May 6, 2025).  In all of Plaintiff's cases, she has requested to proceed *in forma pauperis*, requiring the Court to engage in a lengthy review of the respective Complaints. Additionally, Plaintiff has filed numerous motions and supplements in these cases, further delaying the Court's ability to review the Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B).