## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　Case No. 2:25-cv-02199-JWB-TJJ
　　　　　　　　　　　　　　　　　)
ERIC GODDERZ, *et al.*,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　 )
　　　　　　　　　　　　　　　　　)

### REPORT AND RECOMMENDATION

　　　　Angeliina Lynn Lawson, proceeding *pro se*, filed this action against Anderson County District Judge Eric Godderz, Anderson County District Chief Judge Taylor J. Wine, Leavenworth County District Judge John Bryant, and the State of Kansas, alleging various claims arising under 42 U.S.C. § 1983, and the Americans with Disabilities Act ("ADA"). This matter comes before the Court for screening pursuant to 28 U.S.C. § 1915. For multiple reasons discussed below, the Court will ultimately recommend dismissal of all of Plaintiff's claims.

### I.　　Relevant Background

　　　　Plaintiff brings this lawsuit against the State of Kansas and Kansas State Court Judges Eric Godderz, Taylor Wine, and John Bryant.[1] Plaintiff raises six claims: violation of her due process rights (Count I), violation of Title II of the ADA (Count II), retaliation in violation of the ADA (Count III), retaliation for protected First Amendment activity (Count IV), unconstitutional taking and deprivation of property (Counts V and VII), and fraud upon the court and constructive fraud (Count VI). All of Plaintiff's claims arise from events that occurred during the course of a domestic relations case in Anderson County, Kansas.

---

[1] *See* Pl.'s Am. Compl., ECF No. 9.

On May 13, 2025, the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* without the prepayment of fees, but withheld service of summons and the Complaint until the undersigned could screen the Complaint pursuant to 28 U.S.C. § 1915. [2] The Court now screens Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915.

## II.    Screening of Plaintiff's First Amended Complaint Pursuant to 28 U.S.C. § 1915

When a party seeks to proceed without the prepayment of fees, 28 U.S.C. § 1915 requires the court screen the party's complaint. The court must dismiss the complaint if it determines the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.  The purpose of 28 U.S.C. § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[4]  Plaintiff "must allege sufficient facts to state a claim which is plausible—more than merely conceivable—on its face."[5]  Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to

---

[2] Order, ECF No. 19.
[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[4] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).
[5] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

relief beyond the speculative level."[6]   Plaintiff proceeds *pro se*, thus her pleadings must be construed liberally.[7]   However, she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[8] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[9]

"Apart from the court's obligation to screen IFP complaints for merit, the court has an independent obligation to determine if subject-matter jurisdiction exists."[10]   "[F]ederal courts are courts of limited subject-matter jurisdiction" and "may only hear cases when empowered to do so by the Constitution and by act of Congress."[11]   Further, "A complaint is frivolous within the meaning of § 1915(d), if its subject matter is outside the jurisdiction of the court."[12]   For the reasons stated below, the undersigned Magistrate Judge recommends all of Plaintiff's claims be dismissed.

### A.  Claims for Equitable Relief

Plaintiff's First Amended Complaint alleges there has been "a coordinated campaign of judicial manipulation, ADA exclusion, and fraudulent procedural sabotage designed to strip her of her parental rights and access to justice under the law."[13]   Plaintiff seeks "declaratory and injunctive relief to stop ongoing constitutional violations" and asks the Court to issue a permanent injunction and order systemic remedial relief.[14]   Plaintiff seeks such relief from actions arising out of proceedings in Anderson County District Court regarding Plaintiff's divorce, child custody, and

---

[6] *Twombly*, 550 U.S. at 545.
[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[8] *Id.*
[9] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).
[10] *Martinez v. Pickering*, No. 21-4083-JAR-ADM, 2021 WL 12146947, at *2 (D. Kan. Dec. 8, 2021), *report and recommendation adopted*, No. 21-4083-JAR-ADM, 2022 WL 21778539 (D. Kan. Feb. 28, 2022) (citing *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015)).
[11] *Gad*, 787 F.3d at 1035.
[12] *Oltremari by McDaniel v. Kan. Soc. & Rehab. Servs.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994).
[13] Pl.'s Am. Compl., ECF No. 9, p. 2.
[14] *Id.* at pp. 1, 8, and 9.

support.[15]  As discussed *infra*, the Court concludes Plaintiff's claims for equitable relief are barred

in this District by principles of *Younger* abstention.

"*Younger* abstention dictates that federal courts not interfere with state court proceedings

by granting equitable relief—such as injunctions of important state proceedings or declaratory

judgments regarding constitutional issues in those proceedings—when such relief could

adequately be sought before the state court."[16]  There are three factors that dictate whether *Younger*

abstention applies: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2)

the state court provides an adequate forum to hear the claims raised in the federal complaint, and

(3) the state proceedings 'involve important state interests, matters which traditionally look to state

law for their resolution or implicate separately articulated state policies.'"[17]  Once a court

determines these three conditions are met, *Younger* abstention is non-discretionary, and must be

invoked absent extraordinary circumstances.[18]

Although Plaintiff does not affirmatively state that her state case is ongoing, the First

Amended Complaint does seek "declaratory and injunctive relief to stop *ongoing* constitutional

violations," and alleges the state court is engaging in a "continued violation of her constitutional

rights," and "continued retention of venue in an improper county."[19]  Further, many of the exhibits

Plaintiff has filed in this case are documents from an Anderson County Court case titled *Lawson*

*v. Lawson*, LV-2025-CV-000070.[20]  Such exhibits include orders dated after the filing of this

lawsuit, suggesting the state case is still ongoing.  Additionally, the Court's independent review of

---

[15] *Id.* at p. 4.
[16] *Amanatullah v. Colo. Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)).
[17] *Id.* (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1999)).
[18] *Id.*
[19] Pl.'s Am. Compl., ECF No. 9, pp. 1, 2, and 4 (emphasis added).
[20] *See* Pl.'s Supplemental Notice of Judicial Interference, Discovery Suppression, and Retaliatory Quashing of Subpoenas, ECF No. 12.

the publicly available docket in the state court case reveals a status conference was recently held and does not indicate the case has been dismissed, closed, or otherwise resolved. Therefore, the first *Younger* factor is met.

Second, the state court provides an adequate forum to hear the claims raised in the Complaint. Plaintiff bears the burden of establishing that state law prevents her from presenting her federal claims in the state court proceedings.[21] However, Plaintiff merely states that her constitutional rights and protections under the ADA have been violated, or otherwise ignored. Plaintiff does not provide any authority or arguments that would support a conclusion the state court could not entertain the constitutional or statutory claims arising from her state court proceedings. In fact, state courts have been found adequate forums for federal constitutional claims.[22] To the extent Plaintiff has already raised her constitutional and statutory concerns in the state trial court, "that court's decisions are not 'inadequate' for *Younger* purposes simply because the court did not rule in her favor."[23] The second *Younger* factor is met.

Third, the state court proceedings involve important state interests. Plaintiff's First Amended Complaint stems from her divorce, child custody, and support matters, the resolution of which presents an important state interest.[24] The law in the Tenth Circuit is clear that issues of familial relations, child custody, and child support are "especially delicate subject[s] of state policy."[25] Therefore, the third element is met.

---

[21] *See Morkel v. Davis*, 513 Fed. App'x 724, 728 (10th Cir. 2013).

[22] *Id.* (finding state court adequate forum for raising constitutional claims); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (finding there was no reason why plaintiffs' ADA, Rehabilitation Act, and Fourteenth Amendment contentions could not be interposed as defenses in state court).

[23] *Morkel*, 513 Fed. App'x at 728.

[24] *Fisher v. Lynch*, 531 F. Supp. 2d at 1267 ("it is well established that the State of Kansas maintains a significant interest in child custody matters").

[25] *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *3 (D. Kan. Apr. 30, 2019) (finding Court was precluded from

However, a court may decline to abstain under *Younger* when extraordinary circumstances are present, including when the underlying state court action was: (1) a criminal prosecution commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of "irreparable injury" both great and immediate.[26]  "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."[27]  Plaintiff has failed to meet her burden in this case.  First, Plaintiff's underlying state court case concerns a domestic relations matter, not a criminal prosecution, so the first exception is inapplicable.  Next, Plaintiff does not allege her action is based on a flagrantly and patently unconstitutional statute. Instead, her allegations are all based on the actions taken during her state court proceedings, so the second exception is inapplicable.  Finally, nothing in Plaintiff's First Amended Complaint rises to the level necessary to show a threat of "irreparable injury" to Plaintiff that is "both great and immediate."[28]  In *Younger*, the Supreme Court noted in order to show irreparable injury, "the threat to plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution."[29]  Although Plaintiff's state court case is not a criminal prosecution, the same principal applies.  Further, the pending state court action may resolve any alleged

---

exercising jurisdiction over "proceedings concerning payment of child support" because such proceedings "implicate important state interests.").

[26] *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 53–54 (1971)).

[27] *See Weitzel v. Div. of Occupational and Pro. Licensing of Dept. of Com. of State of Utah*, 240 F.3d 871, 876 (10th Cir. 2001) (quoting *Phelps*, 122 F.3d at 889).

[28] *Cheatham v. Thompson*, No. 21-3195-SAC, 2021 WL 4206332, at *3 (D. Kan. Sept. 16, 2021) ("Generally, a threat of irreparable injury occurs alongside a bad-faith prosecution or where there are a series of repeated prosecutions" and "the threat to the [individual's] federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution"); *Hambright v. Kansas*, No. 21-3045-SAC, 2021 WL 1821801, at *1 (D. Kan. Apr. 30, 2021) (citing *Younger*, 401 U.S. at 46) ("irreparable injury" must be "both great and immediate").

[29] *Younger*, 401 U.S. at 46.

violation of Plaintiff's protected rights, so the third exception is inapplicable.[30]  Thus, no exception to *Younger* abstention applies to this action.  Therefore, the doctrine bars Plaintiff's claims for equitable relief from being heard by this Court, and dismissal of all of Plaintiff's equitable claims for relief is recommended.

## B. Immunity

### i. Eleventh Amendment Immunity

In her First Amended Complaint, Plaintiff also seeks monetary relief against all defendants. Plaintiff brings her claims against the State of Kansas, stating it "is responsible for acts and omissions of its judiciary, court administrators, and ADA coordinators, operations of its courts and judicial ADA compliance infrastructure, and has failed to ensure access to judicial services for individuals with disabilities."[31]  Additionally, Plaintiff brings claims against state court Judges Eric Godderz, Taylor Wine, and John Bryant in their official capacities.  The Eleventh Amendment, however, ensures immunity for such parties as to all Plaintiff's claims for monetary damages, except those brought pursuant to Title II of the ADA.

"The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment.  The Eleventh Amendment presents a jurisdictional bar to suits against a state and 'arms of the state' unless the state waives its immunity."[32]  Therefore, in the absence of some consent on behalf of the State, or abrogation of the State's immunity by Congress pursuant to statute, a suit in which the State is named as a defendant is "proscribed by the Eleventh Amendment."[33]

---

[30] *Weitzel*, 240 F.3d at 876 (finding third *Younger* exception did not apply when state court proceedings could resolve claims brought in federal court).
[31] Pl.'s Am. Compl., ECF No. 9, pp. 3–4.
[32] *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025 WL 1100048, at *3 (D. Kan. Apr. 14, 2025).
[33] *Id.* (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

Plaintiff raises several monetary claims under 42 U.S.C. § 1983, including: deprivation of her due process rights (Count I) and unconstitutional taking and deprivation of property (Counts V and VII). There is no evidence the State of Kansas has consented to the suit, and "[i]t is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983."[34] Therefore, Plaintiff's § 1983 claims against the State of Kansas are barred by the Eleventh Amendment. Further, Eleventh Amendment immunity would also bar Plaintiff's claims for monetary damages against the State of Kansas for fraud upon the court and constructive fraud (Count VI). The First Amended Complaint does not contain any authority to suggest that immunity has been waived or abrogated as to this claim.[35]

Plaintiff also asserts these claims (Counts I, V–VII), plus a claim for retaliation for protected First Amendment activity (Count IV) against Kansas State Court Judges Godderz, Wine, Bryant in their official capacities.[36] The Eleventh Amendment bars suits in federal court against arms of the state and state officials who are sued in their official capacities.[37] "District court judges are state officials."[38] Therefore, to the extent Plaintiff brings claims for monetary damages against Judges Godderz, Wine, and Bryant in their official capacities, the claims are barred by the Eleventh Amendment.[39]

---

[34] *Id.*

[35] *Gaylord v. Kansas*, No. 23-4018-KHV-RES, 2023 WL 11868036 (D. Kan. Apr. 12, 2023), *report and recommendation adopted* (Apr. 26, 2023), *subsequently aff'd*, No. 23-3075, 2024 WL 358240 (10th Cir. Jan. 31, 2024) (finding Eleventh Immunity applies and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(iii) when Plaintiff failed to provide authority suggesting the State of Kansas waived its immunity or that Congress abrogated the State's immunity by statute).

[36] Plaintiff asserts Count I and V–VII against "Defendants" generally, thus implicating all Defendants. Court IV appears limited to Defendant Judges. *See* ECF No. 9, pp. 6–8.

[37] *Allen v. St. Francis Ministries*, No. 23-1166-DDC-GEB, 2024 WL 2831606, at *3 (D. Kan. June 4, 2024) (internal quotation marks and citations omitted).

[38] *Roubideaux-Davis v. Klenda*, No. 24-3167-JWL, 2024 WL 4381227, at *2 (D. Kan. Oct. 2, 2024).

[39] *Prince v. Walters*, No. 24-1166-JWB, 2025 WL 987022 (D. Kan. Apr. 2, 2025), at *1 (finding claims against Sedgwick County District Court Judge in his official capacity are barred by the Eleventh Amendment).

In summary, the Court recommends, with the exception of Plaintiff's claims under Title II of the ADA, all of Plaintiff's claims (Counts I, IV, V, VI, and VII) against the State of Kansas and Judges Godderz, Wine, and Bryant in their official capacities be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because Plaintiff seeks monetary relief against Defendants that are immune from such relief.[40]

### ii.    Judicial Immunity

Plaintiff also brings this action against Judges Godderz, Wine, and Bryant in their individual capacities. Judicial immunity applies to claims against judicial officers sued in their individual capacities.[41] "A judge is absolutely immune from liability for his judicial actions even if his exercise of authority is flawed by the commission of grave procedural errors."[42] The only exception to judicial immunity exists when judicial actions are "committed in the clear absence of all jurisdiction."[43] A judge does not act in the clear absence of jurisdiction even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ."[44] The Supreme Court has articulated two factors which courts should consider when determining whether an act constitutes a judicial act: (1) "whether it is a function normally performed by a judge" and (2) "whether [the parties] dealt with the judge in his judicial capacity."[45]

---

[40] *See Jones v. Off. of Admin. Hearings*, 757 F. App'x 692, 696 (10th Cir. 2018) (affirming the district court's finding that claims against a state agency and an administrative law judge sued in her official capacity were subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii) because the defendants were entitled to Eleventh Amendment immunity).

[41] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Crowe v. Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011) ("Judicial immunity applies only to personal capacity claims.").

[42] *Stump*, 435 U.S. at 359.

[43] *Henrickson v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981).

[44] *Stump*, 435 U.S. at 356–57.

[45] *Id.* at 362.

Plaintiff alleges generally that Judges Godderz, Wine, and Bryant "have exploited judicial discretion."[46]  Additionally, Plaintiff alleges that these judges along with the State of Kansas "coordinated [a] campaign of judicial manipulation, ADA exclusion, and fraudulent procedural sabotage designed to strip [Plaintiff] of her parental rights and access to justice under color of law."[47]  Plaintiff's allegations are based generally upon these judges exercising their judicial discretion (a function normally performed by a judge) while dealing with Plaintiff in her state court case involving parental rights, alimony, and child support (dealing with the judges in their judicial capacity).

Additionally, Plaintiff alleges specifically regarding Judge Godderz, that he presided over Plaintiff's domestic relations case.  Plaintiff alleges Judge Godderz refused to recuse himself after Plaintiff raised claims of bias and retaliation, refused to hold a hearing on a motion to transfer venue, refused to allow motions to be called for a hearing, and punished Plaintiff for engaging in First Amendment activity by filing complaints and grievances.  Plaintiff broadly alleges such actions violated her First, Fifth, and Fourteenth Amendment rights.

While conclusory and vague, these limited facts show Judge Godderz is entitled to judicial immunity.  All of the actions Plaintiff alleges Judge Godderz took are those normally performed by a judge.[48]  And, Plaintiff's interactions with Judge Godderz occurred during the course of her domestic case, therefore, Plaintiff was dealing with Judge Godderz in his judicial capacity.[49]  Further, to the extent Plaintiff brings these claims against Judge Godderz because she disagrees

---

[46] Pl.'s Am. Compl., ECF No. 9, p. 2.
[47] *Id.* at pp. 6, 7. And, Plaintiff alleges these judges and other denied enforcement of court ordered alimony and child support expense payments exceeding $32,000 and instead "diverted" them to cover guardian ad litem and therapist fees.  *Id.* at p. 8.
[48] *Taylor v. Sedgwick Cnty Bd. of Comm'rs*, No. 18-2674-DDC-JPO, 2019 WL 4752044, at *10 (D. Kan. Sept. 30, 2019) ("[R]ulings about recusal, contempt, hearings, continuances, and attorney disqualification are all actions within a judge's judicial capacity").
[49] *See id.*

with his rulings, "Plaintiff's disagreement with judicial actions 'does not justify depriving him of his immunity.'"[50]   Plaintiff thus fails to allege Judge Godderz acted in the absence of all jurisdiction, and he is entitled to immunity in his individual capacity.

Additionally, Plaintiff alleges specifically regarding Judge Bryant, that he "refused to recuse himself in cases [where] Plaintiff raised claims of bias and retaliation."[51]   Ruling on motions for recusal is well within a judge's judicial capacity.[52]   Plaintiff's allegations regarding how she interacted with Judge Bryant are otherwise vague.   In her claims against Judge Bryant, Plaintiff states her "poverty affidavit was mishandled, delayed, or never processed, thereby obstructing her access to court tools such as subpoenas, trial preparation materials, and service of process."[53]   Though not explicitly stated, this suggests Plaintiff dealt with Judge Bryant in his judicial capacity. Therefore, Judge John Bryant is also entitled to judicial immunity in his individual capacity.

Finally, Plaintiff alleges specifically regarding Judge Wine, that she submitted "formal requests for ADA accommodations, including communications support, procedural guidance, remote access, and disability-based participation assistance.   All such requests were denied by Chief Judge Taylor J. Wine."[54]   Plaintiff fails to plead any other facts surrounding her interactions with Judge Wine, and does not appear to state a viable claim against him.   In any event, based upon the general allegations Plaintiff alleges against all three Defendant judges, discussed *supra*, the Court finds Judge Wine is entitled to judicial immunity in his individual capacity. [55]

---

[50] *Id.* (quoting *Stump*, 435 U.S. at 363).

[51] Pl.'s Am. Compl., pg. 5.

[52] K.S.A. § 20-311d (proving procedure for change of judge in Kansas district courts); *Taylor*, 2019 WL 4752044, at *10.

[53] Pl.'s Am. Compl., pg. 5.

[54] *Id.*

[55] Additionally, Judge Wine, as Chief Judge, may be entitled to judicial immunity for administrative actions, such as those alleged by Plaintiff.  *See Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985) (finding an "administrative" act, "in the sense that it does not concern the decision who shall win a case" still entitles a chief judge to immunity when such administrative act is "still a judicial function in the

In summary, the Court recommends, with the exception of Plaintiff's claims under Title II of the ADA, all of Plaintiff's claims (Counts I, IV, V, VI, and VII) against Judges Godderz, Wine, and Bryant in their individual capacities be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because Plaintiff seeks monetary relief against Defendants that are immune from such relief.

### C.  ADA claims

Plaintiff also brings claims under Title II of the ADA. Plaintiff alleges that she was discriminatorily denied access to judicial proceedings when her requests for accommodations were denied, and she was retaliated against for submitting such requests for accommodations.

### i.  ADA claims against the State of Kansas

In Count II of the First Amended Complaint, Plaintiff claims she was "denied reasonable accommodations under Title II of the ADA."[56]  The State of Kansas is not immune from suit for claims arising under Title II of the ADA.  Congress has unequivocally expressed its intent to abrogate state sovereign immunity regarding Title II of the ADA.[57]  However, there are fatal flaws with Plaintiff's ADA claims against the State of Kansas.

First, Plaintiff fails to allege any direct participation by the State of Kansas in the handling of her accommodation requests.  Plaintiff states "Defendant State of Kansas is responsible for the acts and omissions of its judiciary, court administrators, and ADA coordinators, operations of its courts and judicial ADA compliance infrastructure, and has failed to ensure access to judicial services for individuals with disabilities."[58]  However, she provides no factual basis for this contention and fails to allege that the State of Kansas was a direct participant in responding to her

---

sense that it directly concerns the case-deciding process.").  However, the Court is unable to make such a determination on the limited facts pled.

[56] Pl.'s Am. Compl., ECF No. 9, p. 6.

[57] *Board of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001).

[58] Pl.'s Am. Compl., ECF No. 9, p. 3–4.

ADA requests.[59]  Mere conclusory allegation such as Plaintiff's allegations here are not sufficient to support a claim for relief.[60]

Additionally, Plaintiff fails to state a claim against the State of Kansas based upon the express language of Title II of the ADA.  Under Title II: "The ADA requires a public entity to provide a reasonable accommodation 'when it knows that the individual is disabled and requires an accommodation . . . to participate in or receive the benefits of its services.'"[61]  A public entity is on notice of a person's need for accommodation, "either because that need is obvious or because the individual requests an accommodation."[62]  "To establish a Title II violation under a reasonable accommodation theory," Plaintiff must show (1) she is a qualified individual with a disability; (2) she was "excluded from participation in or denied the benefits of some public entity's services, programs, or activities," and (3) the exclusion or denial of benefits was because of Plaintiff's disability.[63]

First, to be a "qualified individual with a disability" under the ADA, Plaintiff must have "a physical or mental impairment that substantially limits one or more major life activities of such individual," a record of such an impairment, or be regarded as having such an impairment.[64]  The

---

[59] The Tenth Circuit has not affirmatively held whether principles of *respondeat superior* liability applies in the context of Title II of the ADA.  *See A.V. through Hanson v. Douglas Cnty. Sch. Dist. RE-1*, 586 F. Supp. 3d 1053, 1067 (D. Colo. 2022).  However, even if it does, Plaintiff has not pled sufficient facts to allow the Court to draw such a conclusion.

[60] *See generally Tyler v. City of Manhattan*, 849 F. Supp. 1429, 1431 (D. Kan. 1994) (Title II ADA claim brought against City directly involved in making ADA accommodations); *Miller v. State Highway Patrol*, No. 081228-WEB, 2009 WL 10706703, at *1 (D. Kan. Dec. 18, 2009) (Title II ADA claim brought against state agency directly involved in making ADA accommodation); *Turner v. Nat'l Council of State Bds. Of Nursing, Inc.*, No. CIV.A. 11-2059-KHV, 2012 WL 1435295, at *1 (D. Kan. Apr. 24, 2012), *aff'd*, 561 F. App'x 661 (10th Cir. 2014) (Title II ADA claim brought against state licensing board directly involved in making ADA accommodation).

[61] *Hockaday v. Co. Dep't of Corr.*, 766 Fed. App'x 572, 575 (10th Cir. 2019) (quoting *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1299 (10th Cir. 2016)).

[62] *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1299 (10th Cir. 2016).

[63] *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1167 (10th Cir. 2021).

[64] 42 U.S.C. § 12102(1).

First Amended Complaint does not plead facts showing Plaintiff is disabled as defined by the ADA. Plaintiff merely claims she "has a documented and qualified disability . . . ."[65] Such conclusory pleadings are not enough to show Plaintiff is a qualified individual with a disability under the ADA.[66]

Next, Plaintiff fails to plead any facts showing that she was excluded from participation in her domestic case. In fact, Plaintiff's many pleadings in this case show she has been an active participant in her domestic case, despite the state court's alleged failure to accommodate her.[67] Therefore, Plaintiff cannot meet the second element.

Finally, Plaintiff cannot show that any alleged denials of her accommodations request, or other actions taken by the state court, were done because of her disability. Plaintiff merely states that the state court "used Plaintiff's disability against her while denying reasonable accommodations."[68] However, there are no facts pled to support this contention. Without facts concerning either the making of the request for accommodation, or the denial of such request, the Court is unable to draw the inference that her disability was the reason for the denial of her accommodation request.

In Count III, Plaintiff also raises a claim of retaliation in violation of the ADA. Title II of the ADA prohibits retaliation for the assertion of ADA rights.[69] The ADA's "anti-retaliation provision protects 'any individual' who has 'opposed any act or practice' made

---

[65] Pl.'s Am. Compl., ECF No. 9, p. 4.

[66] *See Harmon v. Sprint United Mgmt. Corp.*, 264 F. Supp. 2d 964, 968–69 (D. Kan. 2003) (setting out factors to show disability under the definition of the ADA); *Cunningham v. Wichita St. Univ.*, No. 6:14-CV-01050-JTM, 2014 WL 4542411, at *3 (D. Kan. Sept. 12, 2014), *aff'd*, 613 F. App'x 758 (10th Cir. 2015) (discussing plaintiff's failure to allege any limitations on his life caused by his disability).

[67] *See* Supplement in Support of TRO and Updated Allegations of Retaliatory Obstruction, Doc. 13-3 (attaching docket sheet showing numerous filings made in underlying domestic relations case).

[68] Pl.'s Am. Compl., ECF No. 9, p. 4.

[69] 42 U.S.C. § 12203(a).

unlawful by the ADA or 'made a charge, testified, assisted, or participated' in an ADA investigation, proceeding, or hearing."[70]  Plaintiff must show that there is a causal connection between the activity protected by the ADA which she engaged in, and any alleged retaliatory action.[71]  In support of her claim, Plaintiff only makes the conclusory statement that Defendants retaliated against her for making requests for reasonable accommodation under the ADA through "coercive procedural rulings, canceled hearings, unlawful psychological evaluation demand, and denial of litigation tools such as subpoenas and discovery."[72]  Plaintiff fails to show how any actions taken by the state court during the course of her domestic relations case are in retaliation for, or even related to, her requests for accommodation, and therefore her claims of retaliation under the ADA should be dismissed.

Because Plaintiff fails to allege the State of Kansas had any direct involvement with regard to Plaintiff's ADA claims (Counts II and III), and because Plaintiff otherwise fails to state a claim of discrimination or retaliation under Title II of the ADA, the Court recommends that Plaintiff's ADA claims against the State of Kansas be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### ii. ADA claims against Judges Godderz, Wine, and Bryant

Plaintiff also brings her ADA claims against Judges Godderz, Wine, Bryant.  However, only public entities, and not individual public employees, may be held liable under Title II of the ADA.[73]  Therefore, "no individual, including a state court judge, may be held liable under Title II

---

[70] *Sullivan v. Sullivan*, No. 24-cv-214-EFM-TJJ, 2025 WL 1126778 (D. Kan. Mar. 21, 2025), *report and recommendation adopted*, No. 24-2214-EFM-TJJ, 2025 WL 1125573 (D. Kan. Apr. 16, 2025) (quoting 42 U.S.C. § 12203(a)).

[71] *Johnson v. Norton Cnty. Hosp.*, 550 F. Supp. 3d 937 (D. Kan. 2021) ("To make a prima facie case plaintiff must demonstrate . . . a causal connection exists between the protected activity and defendant's actions.").

[72] Pl.'s Am. Compl., ECF No. 9, p. 6.

[73] *City and Cnty of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 610 (2015) ("Only public entities are subject to Title II").

of the ADA."[74]  Accordingly, Plaintiff fails to state a claim of discrimination or retaliation under Title II of the ADA against Judges Godderz, Wine, and Bryant, and the Court recommends those claims (Counts II and III) be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.  Failure to State a Claim under § 1983

Plaintiff's 42 U.S.C. § 1983 claims should also be dismissed for failure to state a claim. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated."[75]  Particularly, to state a claim under § 1983, Plaintiff must allege the violation of a constitutionally secured right was violated and that the "alleged deprivation was committed by a person acting under color of state law."[76] While the Court liberally construes a *pro se* complaint and applies less stringent standards, "'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief,' dismissal is appropriate."[77]

Dismissal of Plaintiff's § 1983 claims is appropriate in this case.  In each claim brought under § 1983, Plaintiff merely states Defendants violated her First, Fifth, and Fourteenth Amendment rights.  Plaintiff fails to plead any facts to support these claims, including who took such actions or when.  As such, Plaintiff fails to state a claim under § 1983 against any of the Defendants and Counts I, IV, V, and VII and the Court recommends the claims be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.    Conclusion—Summary of Recommendations

---

[74] *Smith v. Glanz*, 662 F. App'x 595, 597 (10th Cir. 2016).

[75] *Brooks v. Kobach*, 2025 WL 1100048, at *1 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)) (alterations in original).

[76] *Gilhaus v. Gardner Edgerton Unified Sch. Dist.*, 138 F. Supp. 3d 1228, 1237 (D. Kan. 2015).

[77] *Brooks v. Kobach*, 2025 WL 1100048, at *1 (D. Kan. Apr. 14, 2025) (quoting *Twombly*, 550 U.S. at 558).

In summary, the Court recommends this action be dismissed in its entirety on the following bases:

- Pursuant to the doctrine of *Younger* abstention, all of Plaintiff's claims for equitable relief should be dismissed because the Court lacks jurisdiction to hear such claims.

- Counts I, IV, V, VI, and VII should be dismissed as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the State of Kansas and Judges Godderz, Bryant, and Wine in their official capacities are immune from suit for monetary damages pursuant to the Eleventh Amendment, and because Judges Godderz, Bryant, and Wine in their individual capacities are entitled to judicial immunity.

- Additionally, Counts I, IV, V, and VII should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

- Finally, Counts II and III should be dismissed as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff fails to state a claim upon which relief may be granted for discrimination or retaliation, respectively, under Title II of the ADA.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition. If Plaintiff does not timely file her objections, no court will allow appellate review.

A copy of this report and recommendation shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated June 20, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge