UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Angeliina Lynn Lawson,
Plaintiff,

v.
Hon. Eric W. Godderz (in his individual and official capacity), et al.,
Defendants.

Case No. 2:25-cv-02199

JURY TRIAL DEMANDED

MOTION FOR PROTECTIVE REASSIGNMENT

Under 28 U.S.C. §§ 292(b), 294 Due to Structural Bias and ADA Retaliation

INTRODUCTION

Plaintiff respectfully moves this Court for protective reassignment of this matter to an out-of-district judge pursuant to 28 U.S.C. §§ 292(b), 294, to ensure impartial adjudication, prevent further ADA retaliation, and protect Plaintiff's constitutional rights.

GROUNDS

1. Exclusive Authority of Tenth Circuit Chief Judge.
    o Under 28 U.S.C. §§ 292(b), 294, only the Tenth Circuit Chief Judge has authority to assign visiting judges where structural bias or disqualification prevents fair adjudication.
2. Pattern of Obstruction and ADA Retaliation.
    o Plaintiff has been granted *in forma pauperis* status but has faced repeated withholding of summons and delayed service, effectively blocking discovery and jurisdiction — replicating the very predicate acts alleged in the Complaint.
3. Judicial Bias Already Preserved in the Record.
    o Defendant Judge Godderz previously refused to recuse despite bias claims, and retaliated against Plaintiff for protected First Amendment activity (filing ethics and ADA complaints), resulting in complete loss of custody.
    o Judge Godderz diverted $32,000 in alimony arrears to GAL invoices without notice or hearing, violating the Takings Clause (U.S. Const. Amend. V) and Due Process (U.S. Const. Amend. XIV).
4. Appearance of Impropriety Under Judicial Canons.

- o Kansas Code of Judicial Conduct Canon 1 (independence, integrity, impartiality) and Canon 2.9 (ex parte communications) require disqualification where a reasonable observer would question impartiality.
- o *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) confirms that bias and even the appearance of bias violate due process.
5. Constitutional Issues for Higher Review.
   - o These issues involve fundamental rights preserved under the First, Fifth, and Fourteenth Amendments, as well as the Seventh Amendment jury trial guarantee (KS Const. Bill of Rights § 5: "trial by jury shall be inviolate").
   - o Failure to reassign this matter for impartial adjudication risks constitutional violations of such gravity that they warrant appellate review and potential consideration by the U.S. Supreme Court.

RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Refer this case to Chief Judge Holmes of the Tenth Circuit for protective reassignment to an out-of-district visiting judge under 28 U.S.C. §§ 292(b), 294.
2. Direct immediate issuance of summons under Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d) to prevent further obstruction.
3. Preserve all constitutional objections for higher review, including Article III adjudication, ADA retaliation (42 U.S.C. § 12203), and jury trial rights.

Respectfully submitted,
Date: August 22, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com | (913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2025, a true and correct copy of the foregoing Motion for Protective Reassignment Under 28 U.S.C. §§ 292(b), 294 Due to Structural Bias and ADA Retaliation will be served together with the summons and complaint, by U.S. Marshal.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson