IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff
v.
ERIC W. GODDERZ, et al.,

Defendants

Case No. 2:25-cv-02199

JURY TRIAL DEMANDED

NOTICE REGARDING JUDICIAL COMPLAINT AND RENEWED REQUEST FOR
PROTECTIVE REASSIGNMENT UNDER 28 U.S.C. § 292(b)

COMES NOW Plaintiff Angeliina Lynn Lawson, pro se, and files this Notice to respectfully inform the Court that she has submitted a formal judicial misconduct complaint against the presiding judge, the Honorable John W. Broomes, to the Tenth Circuit Judicial Council. This complaint was based on prior conduct in related dockets that form part of the same factual nucleus presented in this case.

Although Judge Broomes is not named as a party in the operative Civil RICO Complaint (Case No. 6:25-cv-1179), he is connected to related rulings and procedural decisions which are under review for structural bias, including suppression of summons issuance, failure to adjudicate protective reassignment, and continued jurisdictional entanglement in cases involving judicial and clerk defendants.

To maintain the appearance of neutrality and preserve the integrity of this proceeding, Plaintiff respectfully renews her request for reassignment under 28 U.S.C. § 292(b) to a judge from outside the District of Kansas.

This request is grounded in:

- The judicial complaint pending before the Tenth Circuit Judicial Council;
- Canon 2 and Canon 2.11 of the Code of Judicial Conduct (requiring judges to avoid both impropriety and the appearance of impropriety);
- The nature of this case involving named defendants from the Kansas judiciary and court administration;
- The necessity of a structurally neutral forum for adjudication of ADA retaliation, judicial fraud, and denial of constitutional access.

This request is submitted respectfully and without personal disrespect to Judge Broomes. It is made to ensure procedural fairness and protect Plaintiff's rights under the First, Fifth, and Fourteenth Amendments, as well as the Americans with Disabilities Act.

Plaintiff also attaches as context Exhibit E, a summary of sixteen related cases demonstrating a consistent and ongoing denial of access to a neutral judicial forum across both state and federal venues.

Respectfully submitted,                                                                    Date: August 25, 2025

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson
Pro Se Plaintiff
1914 5th Avenue
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661


CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025 I will serve a true and correct copy of the foregoing Supplemental Notice Regarding Judicial Complaint and Renewed Request for Reassignment under 28 U.S.C. § 292(b) upon all parties via the Court's CM/ECF electronic filing system or by U.S. Marshall


/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson
Pro Se Plaintiff

Exhibit E – Summary of Prior Lawsuits

Petitioner: Angeliina Lynn Lawson

---

Litigation History – Jury Trials and Discovery Denied in 100% of Cases. Each of the sixteen filings had a clear legal basis (ADA retaliation, §1983 civil rights, RICO, removal for federal protection, and appeals). In every case, proceedings were cut off before the merits could be heard — through skipped IFP rulings, withheld summons, suppressed subpoenas, after ADA accommodations were filed or dismissals. Not once has Plaintiff been permitted a jury trial, evidentiary hearing, or full discovery. This pattern compelled the civil RICO filing and the statutory request for reassignment to a three-judge out-of-district panel — a request the District Court has likewise denied.

| Case No. | Court | Year Filed | Core Claims | Outcome | Jury Trial Granted? |
|---|---|---|---|---|---|
| Judge Broomes, Mag. James 2:25-cv-02199 | D. Kan. | 2025 | ADA retaliation, civil rights, custody interference | IFP granted, summons stayed, case stalled | No |
| Judge Broomes, Mag. James 2:25-cv-02171 | D. Kan. | 2025 | ADA retaliation, denial of access, GAL misconduct | IFP granted, stayed, AG shielded from default | No |
| Judge Broomes, Mag. James 2:25-cv-02251 | D. Kan. | 2025 | Civil rights, ADA retaliation, Bolton misconduct | IFP granted, summons withheld 90+ days now | No |
| Judge Broomes, Mag. James 5:25-cv-04045 | 10th Circuit Appeal D. Kan. | 2025 | Circuit Appeal premature remand, Federal removal, ADA protections | Rapid remand within 9 days, no chance to build record, no hearings | No |
| Judge Broomes, Mag. James 6:25-cv-01179 | D. Kan. | 2025 | Civil RICO, ADA retaliation, enterprise | IFP granted, summons stayed, discovery denied | No |

| Case No. | Court | Year Filed | Core Claims | Outcome | Jury Trial Granted? |
|---|---|---|---|---|---|
| Judge John Bryant Leveanworth Dist. Ct. LV-2025-cv-000070 | Kansas Ct. Appeal | 2025 | State appeal of sanctions, ADA retaliation | Defendant defaulted but granted dismissal instead, motion disqualification, sudden sanctioned without trial or hearing | No |
| Judge John Bryant Leavenworth Dist. Ct. (two dockets) | Kansas State Court | 2025 | Custody interference, ADA retaliation, contempt | Coercive dismissal, procedural improper, skipped over IFP, no jurisdiction | No |
| Judge Rhonda Mason Johnson Dist. Ct. JO-2025-cv-623 | Kansas State Court | 2025 | Fraud, misrepresentation | 130 days inaction; no ADA retaliation, motion disqualification, sudden dismissal | No |
| Judge Keven O' Grady Johnson Dist. Ct. JO-2025-DM-1717 | Kansas Ct. Appeal | 2025 | State Appeal of no jurisdiction, ADA retaliation, no cause | Denied; change of venue, ADA accommodations, jury trial | No |
| Judge Eric Godderz Anderson County 2020-DM-131, Fraud on Court | Fed. Removed. Kansas State Court | 2020-ongoing | Fed. removal for no jurisdiction, ADA retaliation, access rights. | Dismissed, not docketed, or labeled "correspondence" | No |
| Judge McEntee Small Claims (5 cases) | Kansas State Court | 2025 | Unilaterally dismissed, no hearing, right after ADA accommodations requested | Dismissed, after proper service of summons and hearing dates set. | No |

Summary

- Total Lawsuits Filed: 16
- Jury Trials Granted: 0
- Pattern: In every case, Plaintiff's constitutional right to a judicial forum was extinguished before the merits could be heard. Courts repeatedly relied on procedural devices — such as stays of service, coerced dismissals, premature remands, blanket discovery denials, and sanctions — or retaliated after ADA accommodation requests. This systemic denial of access demonstrates structural bias and validates the necessity of reassignment to neutral, out-of-district judges under 28 U.S.C. §§ 292(b), 294.