IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELIINA LYNN LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-02199-JWB-TJJ |
| | ) |
| ERIC GODDERZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL PLEADING UNDER FED. R. CIV. P. 15(d)

This matter comes before the Court on Plaintiff's Supplemental Pleadings Under Fed. R. Civ. P. 15(d) ("Supplemental Filing") (ECF No. 23). For the reasons discussed herein, the Court orders Plaintiff's Supplemental Filing stricken from the docket.

Plaintiff cites Rule 15(d) in support of her Supplemental Filing. Rule 15(d) provides in pertinent part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented.

Thus, a party must file a motion and obtain leave of court before filing a supplemental pleading. In its discretion, the court "may" then allow filing of the proposed supplemental pleading. And, the court may impose "just terms" or conditions on the supplemental filing. Plaintiff's Supplemental Filing is improper, as Plaintiff failed to file a proper motion and obtain leave of court to make a supplemental filing.

Also, pursuant to the express language of Rule 15(d), a supplemental pleading is limited to "any transaction, occurrence or event that happened *after* the date of the pleading to be supplemented."[1] Plaintiff's Supplemental Filing is deficient in that it fails to include dates or other information showing that the supplemental facts alleged occurred after the filing of Plaintiff's First Amended Complaint.

In addition, Plaintiff seeks through her Supplemental Filing to add two additional Kansas state court judges as parties to her case. A party seeking to join additional parties, however, must make a proper request for joinder in compliance with the applicable Federal rules.[2] Plaintiff's Supplemental Filing fails to do so. Moreover, there is a pending Report and Recommendation recommending dismissal of the Kansas state court judges who are already parties in this case based on judicial immunity. It appears likely the two Kansas state court judges Plaintiff seeks to join as party defendants would also be entitled to judicial immunity.

**IT IS THEREFORE ORDERED** that Plaintiff's Supplemental Pleadings Under Fed. R. Civ. P. 15(d) are STRICKEN from the record.

Dated August 29, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[1] Fed. R. Civ. P. 15 (d) (emphasis added).
[2] *See* Fed R. Civ. P. 19 and 20.