IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Angeliina Lynn Lawson,
Plaintiff,
v.
Eric W. Godderz, et al.,
Defendants.

Case No. 2:25-cv-02199-JWB-TJJ
JURY TRIAL DEMANDED

SUPPLEMENT TO MOTION FOR PROTECTIVE REASSIGNMENT (ECF 24)

COMES NOW Plaintiff Angeliina Lynn Lawson, pro se, and respectfully supplements pending Motion for Protective Reassignment (ECF 24) based on post-filing developments that directly confirm the pattern of obstruction, retaliation, and structural bias outlined therein.

On August 25, 2025, Plaintiff submitted ECF 25, a formal notice to the Court regarding judicial misconduct complaint against District Judge John W. Broomes, and a renewed request for reassignment under 28 U.S.C. § 292(b). That filing included Exhibit E, a litigation history chart summarizing sixteen civil actions in which Plaintiff has consistently been denied access to a neutral judicial forum, full discovery, and constitutional and ADA rights.

Four days later, on August 29, 2025, Magistrate Judge Teresa J. James issued ECF 26, an order striking Plaintiff's Rule 15(d) Supplemental Pleading (ECF 23) without warning, leave to cure, or opportunity to be heard. That supplement included material evidence of post-pleading ADA retaliation, judicial misconduct, and continued denial of effective court access.

Significantly, the docket reflects that as of August 25, 2025, Plaintiff's Motion for Protective Reassignment (ECF 24) had already been removed from the magistrate judge's referral. See Docket Entry (8/25/2025):

*"MOTION REFERRAL to Magistrate Judge REMOVED as to: 24 MOTION for Protective Reassignment. The motion will be resolved by the District Judge."*

Nonetheless, Judge James proceeded to strike the pleading just four days later—after jurisdiction over reassignment had been escalated. This action supports Plaintiff's argument that continued adjudication by this panel, especially where magistrate-level authority remains active on procedural matters, will result in further suppression of rights, evidence, and ADA-protected activity.

The U.S. Supreme Court has held that even the appearance of judicial bias violates due process. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009). Moreover, *Armstrong v. Manzo*,

380 U.S. 545, 552 (1965), requires courts to provide a meaningful opportunity to be heard. Rule 15(d) permits litigants to supplement their pleadings to address post-complaint events, and courts are required to apply liberal construction when a pro se litigant attempts to assert facts of ongoing retaliation or evolving constitutional harm.

Striking ECF 23 after reassignment had been escalated, and without allowing Plaintiff any procedural opportunity to amend or clarify, constitutes further retaliation and obstruction, directly substantiating the necessity of protective reassignment to a structurally neutral judge.

The continued involvement of the magistrate judge in procedural suppression, after reassignment was escalated and a judicial complaint was filed, provides independent proof that this District is not structurally capable of impartial adjudication in this case.

Given the pattern of retaliatory suppression and the fact that judicial officers named in Plaintiff's filings continue to exercise control over the docket, Plaintiff respectfully urges the Court to GRANT reassignment without further delay to preserve the integrity of these proceedings.

## RELIEF REQUESTED

Plaintiff respectfully urges this Court to:

1. Grant pending Motion for Protective Reassignment (ECF 24);
2. Refer this matter to Chief Judge Holmes of the Tenth Circuit under 28 U.S.C. §§ 292(b), 294 for assignment to a visiting judge from outside the District of Kansas;
3. Take judicial notice of the post-filing sequence between August 25–29, 2025, as independent confirmation of the structural bias described.

Plaintiff preserves all constitutional and statutory objections herein under Rule 72(b)(2), 28 U.S.C. § 1291, the First, Fifth, and Fourteenth Amendments, and Title II of the Americans with Disabilities Act (42 U.S.C. § 12132 & § 12203).

Respectfully submitted,                                         Dated: August 29, 2025

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson
(Address on record)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above motion was served on all parties of record via CM/ECF electronic filing on this 29 day of August, 2025.

/s/ Angeliina Lynn Lawson
Pro Se Plaintiff