IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Angeliina Lynn Lawson,
Plaintiff,
v.
Eric W. Godderz, et al.,
Defendants.

Case No. 2:25-cv-02199-JWB-TJJ

JURY TRIAL DEMANDED

MOTION TO VACATE STRIKING OF SUPPLEMENTAL PLEADING (ECF 26) AND REQUEST FOR REINSTATEMENT UNDER RULE 15(d)

COMES NOW Plaintiff Angeliina Lynn Lawson, appearing pro se, and respectfully moves this Court to vacate the Order entered August 29, 2025 (ECF 26), which struck Plaintiff's Supplemental Pleading under Fed. R. Civ. P. 15(d), and to reinstate the pleading on the docket. This motion is brought pursuant to the Court's inherent authority, Fed. R. Civ. P. 54(b), and the interests of justice.

FACTUAL AND PROCEDURAL BACKGROUND

1. On July 25, 2025, Plaintiff timely filed her Supplemental Pleading under Rule 15(d) (ECF 23) to update claims with facts that occurred after the filing of her First Amended Complaint (ECF 9), including ongoing acts of retaliation and denial of access to the courts.
2. On August 24, 2025, Plaintiff filed a formal judicial misconduct complaint with the Tenth Circuit Judicial Council against Magistrate Judge Teresa J. James, citing bias, retaliation, and obstruction of ADA enforcement.
3. On August 25, 2025, Plaintiff filed a Motion for Protective Reassignment (ECF 24) under 28 U.S.C. § 292(b), documenting the conflict of interest and requesting reassignment to protect the integrity of the proceedings.
4. That same day, the referral of the motion to Magistrate Judge James was removed. ECF 24 was reassigned to the District Judge.
5. Despite being under active judicial misconduct review and removed from ruling on Plaintiff's reassignment motion, on August 29, 2025, Magistrate Judge James struck Plaintiff's Rule 15(d) filing without a hearing, opinion, or opportunity for Plaintiff to be heard. (ECF 26)

ARGUMENT

1. Rule 15(d) grants a right to supplement for events occurring after the complaint, and leave should be freely granted when justice so requires. Plaintiff's filing was timely, focused on post-pleading retaliation, and critical to the ongoing claims.
2. The Court's order striking the pleading was issued after the magistrate was removed from the case's dispositive matters and after Plaintiff initiated a formal judicial complaint against the judge—creating an appearance of retaliatory suppression in violation of *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).
3. The striking of the filing constitutes a denial of due process under *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965), and obstructs Plaintiff's right to complete the factual and legal record necessary for full and fair adjudication.
4. Plaintiff respectfully asks the Court to vacate ECF 26 in the interest of justice and reinstate her Rule 15(d) Supplemental Pleading (ECF 23) as a valid and preserved filing in this matter.
5. Striking Plaintiff's supplemental pleading, which documents retaliatory judicial conduct and new ADA interference, infringes on Plaintiff's First Amendment right to petition the court for redress of grievances where no summons has yet issued and the record remains incomplete.
6. The defendants have not yet appeared, and no responsive pleadings have been filed. Thus, reinstating Plaintiff's supplement will not prejudice any party and would allow for proper record development prior to adversarial proceedings.

## CONCLUSION

Plaintiff requests that the Court:

- VACATE the Order at ECF 26,
- REINSTATE Plaintiff's Rule 15(d) filing at ECF 23,
- Permit supplementation of the record with post-pleading retaliation evidence.

Respectfully submitted,
/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se
(Contact information on record)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above motion was served on all parties of record via CM/ECF electronic filing on this 29 day of August, 2025.

/s/ Angeliina Lynn Lawson
Pro Se Plaintiff