IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

   Plaintiff,

v.

ERIC W. GODDERZ, et al.,

   Defendants.

Case No. 2:25-cv-02199-JWB-TJJ

JURY TRIAL DEMANDED

MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully moves this Court to certify for interlocutory appeal the following legal questions pursuant to 28 U.S.C. § 1292(b), due to judicial inaction, procedural suppression, and denial of fundamental access to the courts under the First, Fifth, and Fourteenth Amendments and Title II of the ADA:

QUESTION PRESENTED:

Whether a pro se ADA litigant may be indefinitely denied access to the court through refusal to issue summons (ECF 19), suppression of ADA retaliation claims (ECF 23, 26), and post-complaint judicial retaliation (ECF 25) despite pending judicial misconduct complaints,

protective reassignment motions, and repeated requests for emergency relief that remain unresolved more than 160 days after filing.

STATEMENT OF GROUNDS:

1. Controlling Question of Law:

   Plaintiff presents constitutional claims involving denial of access, ADA retaliation, and bias of judicial officers. The Court's refusal to issue summons, adjudicate motions (ECFs 5, 13, 15, 17), or rule on reassignment (ECF 24), coupled with retaliatory striking of ECF 23 (after notice of judicial complaint), raises a controlling legal issue concerning structural due process under Caperton v. Massey, 556 U.S. 868 (2009).

2. Substantial Ground for Difference of Opinion:

   The R&R (ECF 20) applies an improper heightened standard to pro se claims, ignores binding Supreme Court precedent (Armstrong v. Manzo, 380 U.S. 545 (1965); Tennessee v. Lane, 541 U.S. 509 (2004)), and misstates the law on ADA retaliation and Rule 15(d). Whether this Court can procedurally suppress filings and retaliate after judicial complaints raises unsettled and urgent constitutional questions.

3. Immediate Appeal Would Materially Advance the Litigation:

   Six months after filing, no defendant has been served, no TRO has been ruled on, and the factual record remains frozen. Interlocutory review will clarify whether federal courts can deny ADA access through sustained suppression and retaliation, and whether reassignment is required to cure judicial paralysis.

RELIEF REQUESTED:

Plaintiff respectfully requests that this Court:

1. Certify for interlocutory appeal the legal question above pursuant to 28 U.S.C. § 1292(b);

2. Stay further magistrate-level proceedings pending Tenth Circuit consideration;

3. Permit expedited briefing and referral to Chief Judge Holmes for reassignment under 28 U.S.C. § 292(b);

4. Preserve all issues for appeal under Rule 72(b)(2), including ADA retaliation (42 U.S.C. § 12203), denial of court access (42 U.S.C. § 1983), and the constitutional right to petition the government.

Respectfully submitted,                                                   Date: September 26, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on 26th, of September 2025, I filed the foregoing: MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) with the Clerk of the Court

using the CM/ECF system. Because no summons has been issued and no Defendant has been served as of this date, service will be effectuated upon issuance of summons or as directed by the Court. Notice of this filing has been sent to the Court and electronically entered into the docket system pursuant to Fed. R. Civ. P. 5 and Local Rule 5.1. I further certify that a copy of this filing will be served on any Defendant(s) or counsel once they have been formally served or have appeared in this matter.

Respectfully submitted,                                         Dated: September 26, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se