IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 2:25-cv-02199-JWB-TJJ

JURY TRIAL DEMANDED

MOTION TO SHOW CAUSE WHY THIS CASE HAS NOT BEEN RULED UPON AND TO COMPEL ACTION ON PENDING EMERGENCY RELIEF

COMES NOW Plaintiff Angeliina Lynn Lawson, pro se, and respectfully moves this Court to show cause for the continued failure to rule on numerous emergency filings in this matter, and to compel immediate action on the unresolved motions, including but not limited to requests for injunctive relief, habeas corpus, ADA enforcement, protective reassignment, and objections to the Magistrate's Report and Recommendation. These motions have now been pending for over 160 days in violation of due process, court access rights, and the ADA.

Case 2:25-cv-02199-JWB-TJJ   Document 31   Filed 10/06/25   Page 2 of 5

TIMELINE OF UNRESOLVED FILINGS AND DELAY

| Filing | Docket # | Date Filed | Days Pending (as of Oct. 6, 2025) | Status |
|---|---|---|---|---|
| TRO / Verified Emergency Relief | ECF 5 | 04/17/2025 | 172 days | No ruling |
| Habeas Corpus Petition | ECF 15 | 04/28/2025 | 161 days | No ruling |
| Motion to Expedite TRO Ruling | ECF 17 | 05/12/2025 | 147 days | No ruling |
| Objections to R&R | ECF 21 | 06/24/2025 | 104 days | No ruling |
| Motion for Protective Reassignment | ECF 24 | 08/22/2025 | 45 days | No ruling |
| Motion to Vacate Striking of Supplement | ECF 28 | 08/29/2025 | 38 days | No ruling |
| Motion for Certificate of Appealability | ECF 29 | 09/26/2025 | 10 days | No ruling |
| Summons Still Not Issued | IFP granted ECF 19 | 05/13/2025 | 146+ days | In violation of Rule 4(c)(3) |

Despite the Court granting Plaintiff's motion to proceed in forma pauperis in May 2025 (ECF 19), no summons has issued and no defendant has been served. The combination of prolonged silence and procedural obstruction has now resulted in complete judicial paralysis.

See Docket Entry (8/25/2025): "MOTION REFERRAL to Magistrate Judge REMOVED as to: 24 MOTION for Protective Reassignment. The motion will be resolved by the District Judge.

LEGAL AUTHORITY AND DUE PROCESS VIOLATIONS

The continued withholding of rulings on constitutional claims and ADA relief violates:

1. Fed. R. Civ. P. 4(c)(3) (summons must be issued and served by U.S. Marshal when IFP is granted);
2. Armstrong v. Manzo, 380 U.S. 545 (1965) (due process requires timely and meaningful opportunity to be heard);
3. Tennessee v. Lane, 541 U.S. 509 (2004) (ADA Title II guarantees access to courts);
4. Caperton v. Massey, 556 U.S. 868 (2009) (structural bias constitutes constitutional violation);
5. 28 U.S.C. § 636(b)(1) (district court must review timely objections to R&R).

These delays have now caused irreparable harm and placed Plaintiff at risk of further retaliation, suppression of evidence, and loss of rights, particularly regarding the custody and ADA protections of her disabled minor son.

Federal courts have an affirmative obligation to adjudicate emergency applications involving ongoing constitutional harm. See *In re McBryde*, 117 F.3d 208 (5th Cir. 1997) "The refusal to adjudicate is as much a violation of due process as a wrongful judgment.".

To preserve the integrity of the record, Plaintiff also reminds the Court that she filed formal Notice of Judicial Complaint and Renewed Request for Protective Reassignment on August 25,

2025 (ECF 25), which remains unanswered. This followed the reassignment motion (ECF 24) and was supplemented by a Rule 15(d) pleading (ECF 23), which was later struck after reassignment was removed from the magistrate judge.

Plaintiff preserves all claims of structural bias, procedural retaliation, and ADA interference under 42 U.S.C. §§ 1983, 12132, and 12203 for further appeal or Rule 60(b)(3) relief.

If the Court continues to withhold action, Plaintiff intends to seek emergency relief from the Tenth Circuit through a Petition for Writ of Mandamus under 28 U.S.C. § 1651 and to pursue interlocutory appellate review under § 1292(b). Judicial silence in the face of constitutional and ADA claims, child harm, following a formal judicial misconduct complaint and procedural retaliation, constitutes constructive denial of relief.

RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Show cause as to why the Court has not ruled on any of the above filings, despite the urgent constitutional and statutory claims involved;
2. Refer this matter to Tenth Circuit Chief Judge under 28 U.S.C. § 292(b) for reassignment to a structurally neutral visiting judge;
3. Immediately issue summons pursuant to Fed. R. Civ. P. 4(c)(3);
4. Enter rulings on the pending motions, including the TRO (ECF 5), habeas petition (ECF 15), motion to expedite (ECF 17), motion for protective reassignment (ECF 24), and objections to the R&R (ECF 21);

5. Schedule a hearing or status conference to address the procedural standstill and clarify the Court's intentions regarding reassignment or mandamus;

6. Preserve Plaintiff's rights for interlocutory appeal under 28 U.S.C. § 1292(b) and mandamus under § 1651.

Respectfully submitted,                                                  Dated: October 6, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on October 6, 2025, I filed the foregoing MOTION with the Clerk of the Court via the CM/ECF system. No defendants have been served to date due to the Court's failure to issue summons as required under Fed. R. Civ. P. 4(c)(3). Notice will be provided through the Court's docketing system.

/s/ Angeliina Lynn Lawson