IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON[1],

               Plaintiff,

v.                                                 Case No. 25-2199-JWB

ERIC GODDERZ, *et al.*,

               Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 21) to Magistrate Judge Teresa James' Report and Recommendation ("R&R") (Doc. 20) recommending that Plaintiff's action be dismissed in its entirety; Plaintiff's motion for protective reassignment (Doc. 24); and Plaintiff's motion to vacate striking of supplemental pleading and request for reinstatement under Rule 15(d). (Doc. 28.) After review, Plaintiff's motions are DENIED (Docs. 24, 28), her objection is OVERRULED (Doc. 21), the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action. Thus, Plaintiff's remaining pending motions (Docs. 29, 31) are DENIED AS MOOT.

**I.    Facts**

The facts set forth herein are taken from Angeliina Lynn Lawson's ("Plaintiff's") first amended complaint. (Doc. 9.) Plaintiff brings this lawsuit under 42 U.S.C. § 1983 against Kansas

---

[1] The court notes that Plaintiff has several pending actions that are presently before the undersigned. On August 25, 2025, Plaintiff filed a "Notice Regarding Judicial Complaint and Renewed Request for Protective Reassignment" in this case. (Doc. 25.) According to the notice, Plaintiff's judicial complaint to the Tenth Circuit was filed due to the undersigned's rulings in Plaintiff's cases. Plaintiff also included an exhibit which identifies adverse rulings in both her federal and state cases. Notably, only one ruling identified was issued by the undersigned. The remaining rulings in the federal cases were issued by the magistrate judge. In any event, although Plaintiff filed a judicial complaint against the undersigned and it remains pending before the Tenth Circuit, this court finds that the judicial complaint is frivolous as it merely complains of an adverse ruling against Plaintiff which is not a basis to find improper judicial conduct. Therefore, the court will proceed to rule on pending motions in this case as there is no basis for the undersigned to recuse from this matter at this time.

1

state court Judges Eric Godderz, Taylor Wine, and John Bryant in both their individual and official capacities, as well as against the State of Kansas ("Defendants").[2] (*Id*. at 3–4.) Plaintiff's factual allegations center on a state trial court custody and divorce proceeding in Anderson County District Court that she claims has been marked by systemic violations of her rights. (*Id*. at 4–6.) She alleges that the state court has improperly maintained jurisdiction over her case. (*Id*.) According to her, it was only after she began filing various complaints, grievances, and accommodation requests related to her documented disability that the court stripped her of all custody rights and limited her to just two hours of supervised visitation per week. (*Id*.) She asserts the presiding state judge Defendants refused to recuse themselves despite her allegations of bias and have declined to enforce alimony and child support orders. (*Id*.) Plaintiff further contends she has been obstructed from accessing her case files and court transcripts, that pleadings have been altered, and that she was subjected to an order requiring a psychological evaluation—a requirement she characterizes as imposed solely to prevent her trial from proceeding. (*Id*.)

Plaintiff raises six claims: (1) violation of her due process rights ("Count I"), (2) violation of Title II of the ADA ("Count II"), (3) retaliation in violation of the ADA ("Count III"), (4) retaliation for protected First Amendment activity ("Count IV"), (5) unconstitutional taking and deprivation of property ("Counts V" and "Count VII"), and (6) fraud upon the court and constructive fraud ("Count VI") (collectively "Counts"). (*See id*.) Magistrate Judge James screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915 and recommended dismissal of all counts. (Doc. 20.) Plaintiff timely objected.[3] (Doc. 21.) Since filing her objection

---

[2] Plaintiff has another pending action in this court against most of the defendants in this case. *See Lawson v. Godderz*, Case No. 25-1179-JWB.

[3] The court notes that Plaintiff's objection (Doc. 21) largely fails to specifically address any of Magistrate Judge James' R&R ruling. (Doc. 20.) Rather, the document that she filed appears to be Plaintiff's attempt to add facts. Nevertheless, and in the spirit of liberally construing pro se filings, the court will consider Plaintiff's objection as timely, proper, and under a de novo review standard pursuant to Fed. R. Civ. P. 72(b)(3). *See United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).

2

to Magistrate Judge James' R&R, Plaintiff has filed numerous motions and attempted to file supplemental pleadings. (*See* Docs. 23, 24, 27, 28, 29, 31.)

**II.     Standard**

R&R Standard of Review. On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'"). When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Rule 12(b)(6) Motion to Dismiss. To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, the court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Pro Se Party. Because Plaintiff is proceeding pro se, the court is to liberally construe his

filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III.    Analysis**

    **A. Plaintiff's Motion for Protective Reassignment (Doc. 24)**

Plaintiff filed a motion for protective reassignment of this matter to an out of-district judge pursuant to 28 U.S.C. §§ 292(b), 294.[4] (Doc. 24.) Plaintiff asserts that the undersigned is biased because of a previous ruling against Plaintiff involving withholding service of summons. Notably, this ruling was not issued by the undersigned. However, a notice that was filed does accuse the undersigned of bias based on rulings he previously issued in Plaintiff's cases. (*See* Doc. 25.) In any event, Plaintiff seeks referral of the instant case "to Chief Judge Holmes of the Tenth Circuit" to then be reassigned to an out-of-district visiting judge. (Doc. 24.)

As the Tenth Circuit has summarized:

> Disqualification is required both when a judge has "a personal bias or prejudice" against a party, § 144; *see also* § 455(b)(1) (same), or when presiding over the case would create an appearance of bias, *see* § 455(a). Recusal for an appearance of bias is required when "sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." [*United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).] The party seeking a judge's disqualification must show that "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 993 (internal quotation marks omitted). Because this standard is an objective one, "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id*.

*United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020). Plaintiff 's motion is devoid of any fact that could provide a basis for recusal under these standards. Moreover, "judicial rulings

---

[4] The nature of this motion very closely resembles two other motions filed by Plaintiff in a separate action in this court against almost all of the defendants in this case. *See Lawson v. Godderz*, Case No. 25-1179-JWB. In that case, the undersigned denied Plaintiff's motion for reasons nearly identical to the reasons used to deny Plaintiff's motion for reassignment in the instant case. *See id*. at Doc. 11; *see also Lawson v. Bolton*, Case No. 25-2251-JWB at Doc. 17 (seeking disqualification of the undersigned for many of the same reasons Plaintiff alleges in the instant motion).

4

alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nothing in any ruling by the undersigned or Magistrate Judge James indicates that these judicial officials are biased against Plaintiff. Plaintiff also appears to imply that the court has "delayed" ruling on her cases. (Doc. 24.) Plaintiff provides no facts to support this assertion. The court, again, notes that Plaintiff's actions in repetitively filing motions and new cases delays rulings in her cases and in others. Such delay is not a basis for recusal. Thus, Plaintiff's motion seeking protective reassignment (Doc. 24) is denied.

### B. Plaintiff's Motion to Vacate Striking of Supplemental Pleading and Request for Reinstatement (Doc. 28)

On July 25, 2025, Plaintiff attempted to file a supplemental pleading. (Doc. 23.) In an order dated August 29, 2025, Magistrate Judge James struck the supplemental pleading from the record for failure to comply with the requirements set out in Fed. R. Civ. P. 15(d). (Doc. 26.) Specifically, Magistrate Judge James struck Plaintiff's supplemental pleadings because they were procedurally improper and substantively deficient. Plaintiff failed to file a motion for leave as required by Fed. R. Civ. P. 15(d) before submitting a supplemental pleading. The filing did not show that the alleged facts occurred after the original complaint, as the rule requires. And Plaintiff attempted to add two Kansas state court judges without following proper joinder procedures. (*See* Doc 20.) Plaintiff objected to the striking of her supplemental pleadings. (Doc. 28.) Plaintiff argues that Rule 15(d) entitles her to supplement her complaint whenever she pleases so long as "no responsive pleadings have been filed." (*Id*. at 2.) Plaintiff proceeds to argue that striking her pleading was a retaliatory act because it was issued after she filed a judicial complaint against Magistrate Judge James and thus violates her due process and First Amendment rights.

The language of the Federal Rules of Civil Procedure 15(d), which governs supplemental pleadings, makes clear that a supplemental pleading may not be filed without leave of court. Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Accordingly, the filing of a supplemental pleading is not available to the pleader as a matter of right, but upon proper motion seeking leave of court. *See, e.g.*, *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (explaining the necessary prerequisite of seeking leave "to serve a supplemental pleading"); *T Mobile Ne. LLC v. City of Wilmington, Delaware*, 913 F.3d 311, 317 (3d Cir. 2019) ("[A]ll supplemental pleadings require leave of court under Rule 15(d)"); *Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022) ("The Federal Rules of Civil Procedure make clear that, with leave of court, plaintiffs can supplement their pleadings.").

In the current matter, Plaintiff failed to request leave of court prior to filling her supplemental pleading. (Doc. 23.) "Although [Plaintiff] is proceeding pro se, [s]he 'must follow the same rules of procedure that govern other litigants,'" including Rule 15(d). *Johnson v. Marlar*, 807 F. App'x 791, 796 (10th Cir. 2020) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).[5] Thus, Plaintiff's motion seeking reinstatement of her stricken supplemental pleading (Doc. 28) is denied.

### C. Magistrate Judge James' Report and Recommendation ("R&R") (Doc. 20)

Pursuant to 28 U.S.C. § 1915, Magistrate Judge James screened Plaintiff's first amended complaint because Plaintiff sought to proceed without the prepayment of fees. (Doc. 20.) Upon

---

[5] Even though pro se complaints are held to less stringent standards than pleadings drafted by lawyers, pro se litigants must follow the same procedural rules as other litigants. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Plaintiff is encouraged to keep this in mind regarding her numerous other federal actions pending in this court.

6

screening, a district court may dismiss the case at any time if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Grigsby v. Dick*, 671 F. App'x 1031, 1033 (10th Cir. 2016). The sufficiency of Plaintiff's complaint is reviewed under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). The court will address each of Plaintiff's claims below.

1. **Judicial Immunity and Immunity Under the Eleventh Amendment (Counts I, IV, V, VI, and VII)**

Plaintiff brings claims against the State of Kansas alleging it "is responsible for acts and omissions of its judiciary, court administrators, and ADA coordinators . . . and has failed to ensure access to judicial services for individuals with disabilities." (Doc. 9 at 3–4.) Plaintiff also brings claims against state court Judges Godderz, Wine, and Bryant in their individual and official capacities. (*See id.*) Magistrate Judge James recommended dismissal on the basis of immunity; that is, the State of Kansas and Judges Godderz, Wine, and Bryant, in their official capacities, are immune under the Eleventh Amendment, and Judges Godderz, Wine, and Bryant, in their individual capacities, are immune under the doctrine of judicial immunity. (Doc. 20.) Plaintiff objects, arguing that "refus[ing] to rule on indigency filings, den[ying] ADA relief across multiple dockets, and actively suppress[ing] procedural filings" are not judicial acts and thus judicial immunity does not apply. (Doc. 21 at 10–11.) Plaintiff goes on to generally argue that judicial immunity does not apply to ongoing constitutional violations—wherein she vaguely categorizes the constitutional violations currently being committed by state Judges Godderz, Wine, and Bryant as retaliation, "[i]gnor[ing] recusal motions, "[s]uppressed emergency motions, and "[d]enied all

ADA-related motions across [the] majority [of] separate lawsuits." (*Id*.) Ultimately, Plaintiff fails to address the R&R's reasons for dismissal. Accordingly, following a de novo review, the court finds these objections uncompelling and adopts the Magistrate's recommendations regarding immunity in their entirety. (Doc. 20 at 7–12.)

With regard to the State of Kansas, Plaintiff raises monetary claims under § 1983, including: deprivation of her due process rights (Count I) and unconstitutional taking and deprivation of property (Counts V and VII). (Doc. 9 at 6–8.) "The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and 'arms of the state' unless the state waives its immunity." *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025 WL 1100048, at *3 (D. Kan. Apr. 14, 2025). There is no evidence the State of Kansas has consented to the instant suit, and "[i]t is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983." *Id*. Thus, Plaintiff's § 1983 claims (Counts I, V, VII) against the State of Kansas are barred by the Eleventh Amendment. Plaintiff also asserts a claim against the State of Kansas for fraud upon the court and constructive fraud (Count VI). (Doc. 9 at 7–8.) Plaintiff again has failed to provide any authority suggesting that immunity has been waived or abrogated as to Count VI. Thus, it is dismissed.

Plaintiff similarly asserts Counts I, V, VI, and VII seeking monetary relief under § 1983 against state court Judges Godderz, Wine, and Bryant, plus a claim for retaliation for protected First Amendment activity (Count IV). (*Id*. at 6–8.) The Eleventh Amendment bars suits in federal court against state officials who are sued in their official capacities, unless the state waives its immunity, or its immunity is abrogated. *Allen v. St. Francis Ministries*, No. 23-1166-DDC-GEB, 2024 WL 2831606, at *3 (D. Kan. June 4, 2024); *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025

WL 1100048, at *3 (D. Kan. Apr. 14, 2025). "District Court judges are state officials." *Roubideaux-Davis v. Klenda*, No. 24-3167-JWL, 2024 WL 4381227, at *2 (D. Kan. Oct. 2, 2024) (citing *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004)). Thus, to the extent Plaintiff seeks monetary relief from the State of Kansas or Judges Godderz, Wine, and Bryant in their official capacities, such claims (Counts I, IV, V, VI, and VII) are barred by the Eleventh Amendment and therefore dismissed.

Plaintiff also brings this action against Judges Godderz, Wine, and Bryant in their individual capacities. (Doc. 9 at 1, 3.) Magistrate Judge James recommends dismissal of all such claims on the basis of judicial immunity. (D0c. 20 at 9–12.) Plaintiff objects to dismissal on the basis that judges do not enjoy judicial immunity for "ongoing constitutional violations." (Doc. 21 at 10.) She alleges such violations include not ruling on filings, falsifying docket entries, denying motions under false pretenses, and generally alleges perceived procedural mistakes in the Anderson County state court divorce and child custody proceedings. (*Id.*; Doc. 9 at 7–8.) Additionally, Plaintiff objects that these actions by the Defendant state judges are properly characterized as "administrative acts," to which judicial immunity does not apply. (Doc. 20 at 10.) Following a de novo review due to Plaintiff's objections, the court nevertheless finds these objections unpersuasive and adopts the reasoning articulated in the R&R.

Judicial immunity applies to this action against Judges Godderz, Wine, and Bryant in their individual capacities. *See Crowe v. Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011) ("Judicial immunity applies only to personal capacity claims."). A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he

9

will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*. at 356–57 (citation omitted). Plaintiff alleges that Judges Godderz, Wine, and Bryant are not immune from suit here because they refused to recuse themselves after she filed a motion seeking such relief, that they retaliated against her, and generally alleges that she disagrees with their rulings in her state court case involving parental rights, alimony, and child support. (*See* Doc. 9, 20.)[6] Plaintiff's assertions on these issues are conclusory and fail to assert facts that would show that any of these state judges were acting in the absence of jurisdiction. Plaintiff does argue that jurisdiction was improper in her objections to the R&R, but merely makes conclusory statements about the judges' lack of jurisdiction and cites a Kansas statute that explains the procedure for filing a poverty affidavit in lieu of a docket fee. (Doc. 21 at 10–11.) It is clear from the record that all of the actions taken by Judges Godderz, Wine, and Bryant were in their capacities as state court judges presiding over the child custody proceedings. Plaintiff makes no more than conclusory allegations regarding a lack of jurisdiction. Therefore, judicial immunity properly applies to their actions.

In summary, this court, having reviewed Plaintiff's objection de novo pursuant to Fed. R. Civ. P. 72(b)(3), holds that under 28 U.S.C. § 1915(e)(2)(B)(iii), Counts I, IV, V, VI, and VII are dismissed because the State of Kansas and Judges Godderz, Bryant, and Wine in their official capacities are immune from suit for monetary damages pursuant to the Eleventh Amendment, and Judges Godderz, Bryant, and Wine in their individual capacities are entitled to judicial immunity.

### 2. Failure to State a Claim Under Title II of the ADA (Counts II and III)

Plaintiff brings claims under Title II of the ADA against the State of Kansas and Judges Godderz, Bryant, and Wine, alleging discrimination because she was denied access to judicial

---

[6] Magistrate Judge James thoroughly explains the numerous allegations that Plaintiff brings against Judges Godderz, Wine, and Bryant. (*See* Doc. 20 at 9–12.)

proceedings after requesting accommodations and retaliation for submitting such accommodation requests. (Doc. 9 at 6.) Magistrate Judge James upon screening Plaintiff's complaint dismissed all ADA-related claims for failure to state a claim. (Doc. 20.) Plaintiff, in her objections, argues that the "ADA claims are supported by detailed facts and are legally cognizable." (Doc. 21.) Ultimately, Plaintiff fails to address the R&R's reasons for dismissal of her ADA claims.

With regard to the State of Kansas, the extent of Plaintiff's allegations regarding these ADA discrimination claim is as follows: "Defendant State of Kansas is responsible for the acts and omissions of its judiciary, court administrators, and ADA coordinators, operations of its courts and judicial ADA compliance infrastructure, and has failed to ensure access to judicial services for individuals with disabilities." (*Id.* at 3–4.) Otherwise, Plaintiff generally alleges that her requests for accommodations have been denied, lost, destroyed, or otherwise mishandled and she has been excluded from participation in judicial proceedings.

First, the court notes that Congress has abrogated state sovereign immunity regarding Title II of the ADA. *See Board of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001). To state a claim under a failure to accommodate theory, Plaintiff must show (1) she is a qualified individual with a disability; (2) she was "excluded from participation in or denied the benefits of some public entity's services, programs, or activities," and (3) the exclusion or denial of benefits was because of Plaintiff's disability. *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1167 (10th Cir. 2021). Plaintiff's conclusory statements fail to plead facts that show Plaintiff has a qualified disability under the ADA, as she merely states she "has a documented and qualified disability." (Doc. 9 at 4.) Additionally, Plaintiff fails to mention any details as to ever making an accommodation request, making denial of such request impossible for this court to infer. Finally,

Plaintiff pleads facts evidencing extensive participation in the state court proceedings, contradicting the requirement that she be excluded from such participation due to her disability.

Plaintiff also raises a claim of retaliation in violation of the ADA. (*Id*. at 6.) However, Plaintiff merely alleges that she was retaliated against through "coercive procedural rulings, canceled hearings, unlawful psychological evaluation demand, and denial of litigation tools such as subpoenas and discovery." (*Id*.) Again, such conclusory statements fail to show any actions taken by the State of Kansas or its actor that could conceivably amount to retaliation. Thus, Plaintiff has failed to state a claim for discrimination or retaliation under the ADA against the State of Kansas.

Plaintiff also brings claims under the ADA against Judges Godderz, Bryant, and Wine. However, "no individual, including a state court judge, may be held liable under Title II of the ADA." *Smith v. Glanz*, 662 F. App'x 595, 597 (10th Cir. 2016). Accordingly, in reviewing Plaintiff's claims de novo pursuant to Fed. R. Civ. P. 72(b)(3), she fails to state a claim of discrimination or retaliation under the ADA against Judges Godderz, Bryant, and Wine.

### 3. Failure to State a Claim Under § 1983 (Counts I, IV, V, and VII)

As an alternative, Plaintiff's § 1983 claims (Counts I, IV, V, and VII) are also deficient for failure to state a claim and thus would be dismissed on that ground. To state a claim under § 1983, Plaintiff must allege the violation of a constitutionally secured right and the "alleged deprivation was committed by a person acting under color of state law." *Gilhaus v. Gardner Edgerton Unified Sch. Dist.*, 138 F. Supp. 3d 1228, 1237 (D. Kan. 2015). In each claim brought under § 1983 in Plaintiff's First Amended Complaint, she merely states Defendants violated her First, Fifth, and Fourteenth Amendment rights. (Doc. 9.) In Plaintiff's objections, she expounds by claiming that her constitutional rights were violated because of "venue fraud, ADA grievances, and retaliatory

judicial conduct" based on Judge Wine's "failure to intervene [and] recuse" himself." (Doc. 21 at 10, 12). In either instance, Plaintiff fails to plead any facts beyond vague, conclusory allegations that would support these claims. Accordingly, all of Plaintiff's claims brought under § 1983 are dismissed.

### 4. Equitable Relief Claims Stemming from Plaintiff's Proceedings in Anderson County District Court Regarding Her Divorce, Child Custody, and Support

Plaintiff's first amended complaint alleges judicial manipulation, ADA exclusion, and fraudulent procedural sabotage that was designed to strip her of parental rights and limit her access to justice. (Doc. 9 at 1, 2, 8, 9.) Magistrate Judge James recommended dismissal based on principles of *Younger* Abstention, concluding that the relief Plaintiff seeks is more appropriately pursued in state court. (Doc. 20 at 3–7.) In Plaintiff's objection, she fails to address the *Younger* abstention doctrine. (Doc. 20.) Instead, she continues to rehash allegations of perceived jurisdictional defects and procedural irregularities in the underlying Anderson County custody and divorce proceedings. (*Id.*) Ultimately, Plaintiff fails to address the R&R's reasons for dismissal. Therefore, the court finds that she has waived this issue by not specifically addressing it. Nevertheless, the court briefly addresses it.

Under the *Younger* doctrine, a federal court is generally required to abstain from interfering with ongoing state legal proceedings. *Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com.*, 240 F.3d 871, 874-75 (10th Cir. 2001) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). It applies when: (1) a state criminal, civil, or administrative proceeding is pending;[7] (2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and (3) the

---

[7] The reference point for determining if a plaintiff filed her federal complaint during an ongoing state proceeding is the filing date of the complaint. *Dauwe v. Miller*, 364 F. App'x 435, 437 (10th Cir. 2010) (citing *Bettencourt v. Bd. of Registration In Med.*, 904 F.2d 772, 777 (1st Cir. 1990)).

13

state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Phillips v. Martin*, 315 F. App'x 43, 44 (10th Cir. 2008) (citation omitted).

However, the Supreme Court has limited the application of *Younger* to three categories: (1) criminal prosecutions; (2) certain "civil enforcement proceedings;" and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). These categories have subsequently been referred to as the "*Sprint* categories" because "the Supreme Court's opinion in *Sprint* said that *Younger* abstention does not extend beyond these categories." *Bellinsky v. Galan*, No. 24-1351, 2025 WL 2047809, at *3 (10th Cir. July 22, 2025) (citing *Sprint*, 571 U.S. at 78). The Tenth Circuit recently noted that "only if the state court proceeding falls within one of" these *Sprint* categories, then a court may assess the *Younger* abstention elements. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024). Here, the state court proceedings in Plaintiff's case involve her "divorce, custody, and support matters" and she seeks "enforcement of [her] court-ordered alimony and child support." (Doc. 9 at 4, 8.) Thus, Plaintiff's suit concerns child support, child custody, and other domestic relation matters currently being adjudicated by a state court.[8]

In looking at the *Sprint* categories, there is no indication that the child support or other domestic relations matters relate to a criminal prosecution, thus the first exception does not apply. *See Covington*, 2025 WL 1448661, at *5 (stating that "[t]he first category does not apply because

---

[8] The type of injunctive relief requested by Plaintiff is not completely clear. However, the court believes this construction to be most likely based on the entirety of the complaint. (*See* Doc. 9.) To the extent Plaintiff seeks this court to review the state court orders or overrule them, such actions are barred by the domestic-relations exception to federal court jurisdiction. *See Alfaro v. County of Arapahoe*, 766 F. App'x 657, 660 (10th Cir. 2019) (holding that the domestic-relations exception applied where the plaintiff asked the federal court to "scrutinize[ ]" the "legal merits" of "each order" in the state court divorce and child-custody proceedings).

the state [domestic relations] case is not a criminal prosecution"). The second exception is not applicable because "domestic relations proceedings are not civil enforcement proceedings brought by state actors." *Id*.

Plaintiff's current case, however, falls squarely into the third *Sprint* category. The third category, in short, includes "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (citing *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023) (internal quotation marks and brackets omitted). Federal courts have repeatedly held that child support, alimony, and similar domestic relations orders fall into this third *Sprint* category. *See*, *e.g.*, *Stephens v. Child Support Servs. of Okla. Dep't of Human Servs.*, No. 24-cv-216-JDR-CDL, 2025 WL 1194950, at *4 (N.D. Okla. Apr. 25, 2025) ("Although [the plaintiff] does not directly challenge any state-court orders pertaining to divorce in her motion, she does contest the seizure of funds to pay a child-support award and she disputes the power and authority of those involved in the state-court proceedings."); *Hawkins v. Region 8 IV-D Agency*, No. 24-CV-02802-GPG-KAS, 2025 WL 2197307, at *4 (D. Colo. July 29, 2025) (applying *Younger* where plaintiff sought relief from the state courts orders involving alimony and child support); *Hayes v. Ibarra et al.*, No. CIV 25-0783 JB/LF, 2025 WL 2817962, at *1 (D.N.M. Oct. 3, 2025) (applying Younger where plaintiff "alleges the court took his parental rights."). Accordingly, the current matter falls in the third Sprint category and the *Younger* elements can be assessed.[9]

---

[9] The Tenth Circuit recently rejected application of *Younger* in a similar context, i.e., where a "domestic relations case regarding [the parties'] marriage dissolution and parenting of their children[.]" *See Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *1 (10th Cir. May 19, 2025). There, the Circuit held "[t]he July 2022 order address[ing] a parenting time dispute . . . [did] not concern the state court's ability to enforce compliance with judgments already made." *Id*. at *5 (internal citations, quotation marks, and brackets omitted). However, the Circuit specifically noted that *Younger* still applies to some state court domestic relations cases, so long as they "fall into a *Sprint* category." *Id*. at *5 n.10. Here, Plaintiff alleges she "has been denied enforcement of court-ordered alimony and child support."

Now to the *Younger* elements. Here, Plaintiff filed her federal complaint on April 14, 2025. (Doc. 1.) While Plaintiff does not affirmatively state that her state case is ongoing, the court's independent review of the publicly available docket in the state court case reveals 31 docket entries, with the most recent occurring on October 16, 2025, entered after April 14, 2025.[10] Thus, there is no question that the state proceedings were ongoing at the time Plaintiff filed her complaint in federal court. (*See* Doc. 1.) The first *Younger* factor is met.

Plaintiff has not demonstrated why Kansas state court is an inadequate forum to raise her claims—which is her burden. *Morkel v. Davis*, 513 Fed. App'x 724, 728 (10th Cir. 2013). Plaintiff states that her constitutional rights and ADA protections have been violated. Plaintiff does not provide any authority that would support a conclusion the state court could not entertain these constitutional or statutory claims. In fact, state courts have been found adequate forums for federal constitutional claims. *See id.* (finding state court adequate forum for raising constitutional claims). The second *Younger* factor is met.

Lastly, Plaintiff's federal claims also derive from her child custody proceedings in Anderson County District Court. According to the Tenth Circuit, domestic relations involving husband and wife, parents and children, and relatedly, child custody disputes implicate important state interests. *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) ("Of course, the state proceedings at issue in this case implicate important state interests: '[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States.'") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992)); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack

---

(Doc. 9 at 8.) Such requests for injunctive relief appear to go directly to the mechanisms through which the state court manages and enforces its child support proceedings.

[10] *See In the Matter of the Marriage of Jonathan David Lawson v. Angeliina Lynn Lawson*, Case No. 2020-DM-000131.

jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." (brackets and internal quotation marks omitted)). The third *Younger* factor is met, rendering application of the doctrine proper.

Therefore, the *Younger* abstention doctrine properly applies to Plaintiff's claims against state court Judges Godderz, Wine, and Bryant seeking equitable relief stemming from her family law proceedings in Anderson County District Court. Accordingly, all Plaintiff's claims for equitable relief are dismissed.

## IV.    Conclusion

THEREFORE, Plaintiff's motions are DENIED (Docs. 24, 28) and the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action. Thus, Plaintiff's remaining pending motions (Docs. 29, 31) are DENIED AS MOOT.

IT IS SO ORDERED. Dated this 29th day of October, 2025.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    CHIEF UNITED STATES DISTRICT JUDGE